LIBBEY GLASS CO. v. McKEE GLASS CO. et al.

(District Court, W. D. Pennsylvania. July 21, 1914.)

No. 16.

1. PATENTS (§ 211*)—LICENSE—CONSTRUCTION.
    A license granting the right to use a patented process in the making of glassware, but limiting such use to pressed glass blanks, made and sold for cutting by others, construed, and *held* not limited to blanks made of lead glass, but to apply as well to lime glass, and the use of the process in the making of finished articles of lime glass *held* a violation of the contract, which, under its terms, authorized the termination of the license by the licensor.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 304–311; Dec. Dig. § 211.*]

2. PATENTS (§ 286*)—LICENSE—SUIT BY LICENSEE FOR INFRINGEMENT.
    A licensee under a patent, having exclusive rights less than the entire grant of the patent, is entitled to enjoin trespass upon those rights in a suit brought in its own name, in which the owner of the legal title is joined as a defendant, where such owner cannot maintain the suit in its own name.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. § 286.*]

3. COURTS (§ 508*)—JURISDICTION OF FEDERAL COURT—ENJOINING PROSECUTION OF SUIT IN STATE COURT.
    The owner of a patent obtained an injunction against its infringement, and afterward, with the consent of complainant, which, as general licensee, had certain exclusive rights therein, granted a limited license to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the infringer, which contained provisions for the protection of complainant's rights. Later, on a supplemental bill, the licensor obtained a decree that the infringer had violated the conditions of its license and of the injunction and adjudging it in contempt, and thereupon the licensor and complainant joined in a notice terminating the license in accordance with its terms. The infringer then commenced a suit in a state court against the licensor, and obtained a preliminary injunction restraining it from terminating the contract on the ground that it had not been violated. *Held,* that complainant had such interest in the contract as entitled it to maintain a suit to enforce its rescission and to enjoin further prosecution of the suit in the state court, making both licensor and the infringer parties defendant, and that the federal court, having first acquired jurisdiction of the subject-matter, had jurisdiction to grant such relief as ancillary to its former decree.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

In Equity. Suit by the Libbey Glass Company against the McKee Glass Company and the H. C. Fry Glass Company. Decree for complainant.

O. R. Barnett, of Chicago, Ill., and Thos. Patterson, of Pittsburgh, Pa., for plaintiff.

George E. Reynolds, of Pittsburgh, Pa., for defendants.

ORR, District Judge. The plaintiff by its bill seeks to restrain the defendant McKee Glass Company from further proceeding in a certain suit in equity instituted by it in the Beaver county, Pa., courts against H. C. Fry Glass Company, and from further use of a process covered by United States patent to Owens, No. 628,027, to have a license agreement adjudged to be rescinded and terminated, and to have defendant McKee Glass Company account to plaintiff for breach of such license agreement and for general relief.

The defenses of the McKee Glass Company are, briefly, that the court is without jurisdiction to restrain it from proceeding with the suit in the state court, or to adjudge the license agreement to be or to have been rescinded; that plaintiff has no rights to said license agreement which could be infringed; and that if there had been a breach of such agreement, which said defendant denies, yet plaintiff would not be entitled to any damages by reason thereof.

The court finds the facts to be as follows: The plaintiff is a corporation of the state of Ohio and a citizen of said state. Each of the defendants is a corporation of the state of Pennsylvania and a citizen of said state. The amount in controversy exceeds the sum of $3,000, exclusive of interest and costs. The plaintiff, for a long time prior to the events leading up to this controversy, has been and is now engaged in the manufacture and sale of glassware, and among other articles manufactured and sold by it are what are known as "pressed glass blanks for cutting." The defendant the H. C. Fry Glass Company is the owner of a number of letters patent of the United States for methods and apparatus pertaining to the manufacture of glassware. Among said letters patent under which the plaintiff is licensed is one known as

letters patent No. 628,027, for the making of glass articles, granted to Michael J. Owens, under date of July 4, 1899.

The defendant the H. C. Fry Glass Company, being the owner of the letters patent last named, brought two successive suits for the infringement thereof in this court against the National Glass Company, the McKee-Jeannette Glass Works, and A. J. Smith, president, at No. 3 of November term, 1906, and at No. 1 of May term, 1908, respectively. In the suit last mentioned a decree was entered adjudging the said Owens' patent to be in all respects good and valid in law and to have been infringed by the defendants therein, and directing an injunction against further infringement to be issued, and directing as well an ascertainment of profits and damages. The said decree was dated September 21, 1909. Thereafter the defendant herein, the McKee Glass Company, was organized and incorporated under the law of Pennsylvania and purchased the property, plant, and business of the said McKee-Jeannette Glass Works. Thereafter the said H. C. Fry Glass Company filed its bill in the nature of a supplemental bill against said McKee Glass Company in the proceeding at No. 1 of May term, 1908, aforesaid, complaining of the intention of the McKee Glass Company to continue the infringement of said Owens patent as theretofore carried on by the said McKee-Jeannette Glass Works. The said McKee Glass Company by memorandum admitted in said proceeding its intention to continue the manufacture of glassware at the plant formerly operated by the said McKee-Jeannette Glass Works by the means and methods formerly employed by its predecessors. It adopted as its answer the answer of the said McKee-Jeannette Glass Works already on file in said suit. It further adopted the proofs taken in support of said answer, and waived all further or additional proofs. Said bill, in the nature of a supplemental bill, was filed on June 7, 1910, and on the same day, counsel for the said H. C. Fry Glass Company appearing in court upon the said supplemental bill and the said memorandum, a decree was entered against the said McKee Glass Company adjudging the said Owens patent to be in all respects good and valid in law; that the McKee Glass Company was threatening to infringe the same, and awarding an injunction against the said McKee Glass Company to restrain any infringement of said letters patent. Said injunction was duly issued and served and remains of record in this court unreversed and in all respects still in force.

As a result of negotiations theretofore carried on, the said H. C. Fry Glass Company, with the consent and allowance of the plaintiff herein, granted a license to the said McKee Glass Company to practice the invention of the said Owens patent, together with the inventions of certain other patents. The said license authorized the said McKee Glass Company to practice the invention of said letters patent only in the manufacture of pressed glass blanks for cutting; it being especially provided therein that the licensee should not practice any of said inventions in finishing glassware other than pressed glass blanks for cutting. It is also further provided that the said McKee Glass Company should not sell or otherwise dispose of any pressed glass blanks for cutting, which previous to such sale or disposal should not have been sub-

jected to a finishing operation involving the practice of one or more of the inventions covered by the letters patent included within the license.

In said license agreement it appears that the Libbey Glass Company had certain manufacturing and selling rights under each of said letters patent named in the agreement, including the Owens patent aforesaid, which rights were exclusive of all persons, except the said H. C. Fry Glass Company, and the consent of the Libbey Glass Company was required and given to the grant of said license in consideration of and subject to all the terms and conditions therein set forth, and said license agreement provided for monthly accounts to be made by the licensee to the licensor and the said Libbey Glass Company of the extent of the licensee's operations under said license, and in other ways provided for the protection of the Libbey Glass Company in all the rights it had acquired, or was intended to acquire, in the said several patents, which were the subject of the license agreement. Said license agreement was dated the 9th of June, 1910. At that time, and prior thereto, and continuously to the present, the defendant McKee Glass Company was and is largely engaged in the manufacture of glass articles known as cut table ware, which articles are made of an inferior quality of glass, known as lime glass, or lime soda glass, whereas pressed glass blanks for cutting had, down to the time mentioned, been made only of a higher quality of glass, known as lead glass. In the year 1911 the said McKee Glass Company began putting upon the market and selling to manufacturers of cut glass ware pressed articles to be cut which were made of lime glass. Shortly thereafter the H. C. Fry Glass Company filed a bill in equity against the McKee Glass Company in the court of common pleas of Westmoreland county, Pa., praying for an injunction to restrain the McKee Glass Company from the violation of the condition under which it had obligated itself to employ some one or more inventions of the patents which were the subject of said license agreement in the manufacture of all pressed glass blanks for cutting, which it should sell or otherwise dispose of. The defendant in that suit by its answer pleaded that since, down to the date of said license, lead glass had been exclusively used in the manufacture of pressed glass blanks for cutting, said term "pressed glass blanks for cutting," as used in the license, could only mean pressed glass blanks for cutting made of lead glass, and that therefore the defendant herein, so long as it did not use the invention of said Owens patent and other inventions included within its license in the manufacture of pressed glass blanks for cutting made of lime glass, had not violated the conditions of its license in any respect. In said case such proceedings were had that the defense therein set up was sustained, and the bill finally dismissed on or about January 16, 1913. Shortly thereafter the said H. C. Fry Glass Company, in the original case at No. 1 of May term, 1908, instituted proceedings in this court against said McKee Glass Company for contempt, charging the latter with violating the injunction theretofore issued against it in such manufacture of lime glassware. Evidence on behalf of both parties was submitted at great length, and it was decided that the McKee Glass Company, in its manufacture of lime glass articles, had violated the

conditions of its said license and infringed said letters patent and was in contempt of this court. A decree was accordingly entered on December 24, 1913, adjudging that the said defendant McKee Glass Company had in its manufacture of lime glassware and lime blanks for cutting unlawfully and wrongfully employed the process of the Owens patent, and that in so doing it had violated the injunction theretofore issued against it and was in contempt of court. Said decree also referred the case to a special master to take and state an account of profits and damages for the information of the court. That decree is still in full force and effect and unreversed.

[1] By the terms of the said license agreement it was provided that, in case the said licensee should at any time violate provisions or conditions of said license, the said license at the option of the said H. C. Fry Glass Company, or of the plaintiff in the present bill, the Libbey Glass Company, should immediately cease and determine.

On December 22, 1913, the said H. C. Fry Glass Company and the Libbey Glass Company notified the McKee Glass Company that they elected to rescind and determine the said license agreement, for the reason that the said McKee Glass Company had made use of the invention covered by the Owens patent in the manufacture of articles of glassware in which they were forbidden to use it, and called attention to the section of the license agreement wherein appears the following language:

"The rights herein granted are expressly limited to the practice of the inventions hereby covered in the manufacture of pressed glass blanks for cutting, to be sold only to cutting houses for use in the manufacture of cut glassware, and it is understood that the practice of any of said inventions by the licensee in finishing glassware to be put upon the market without cutting, otherwise known as pressed glassware, or sold to other than cutting houses, will be an infringement of the letters patent therefor and a violation of the injunctions heretofore issued as above recited; it being the intention and purpose of this license that the said patented inventions shall not be used by the licensee in the manufacture of 'imitation cut glassware' or other pressed glassware."

Within a few days after said notice of rescission, the McKee Glass Company filed a bill in equity against the H. C. Fry Glass Company in the court of common pleas of Beaver county, Pa., in which it set up many of the matters hereinbefore recited; that the license agreement was made as one of the terms of compromise of litigation, "with the express understanding and agreement between the parties thereto that your orator (McKee Glass Company) should have the right to use said methods and processes in its manufacture of pressed glass blanks for cutting, made of lead glass, for and during the entire period of time specified in said license agreement as aforesaid, and with the further express agreement and understanding between said parties that said final decree in said equity suit should never in any manner apply to the manufacture by your orator (McKee Glass Company) of any glassware made of lime glass; the subject-matter of said suit in equity being lead glass and not in any way relating to lime glass."

In the Beaver county bill it was further alleged in brief that the said H. C. Fry Glass Company and the Libbey Glass Company had served notice of their rescission of the said license agreement, and prayed the

court for an injunction to restrain the H. C. Fry Glass Company from revoking, canceling, or in any way annulling the provisions of said license agreement, and from interfering in any way with the operations of the said McKee Glass Company in the manufacture of pressed glass blanks for cutting made of lead glass. Upon the filing of said bill in the Beaver county court, that court issued a temporary restraining order against the H. C. Fry Glass Company in accordance with the prayers of the bill, which restraining order is in full force and effect.

From the foregoing it will be seen that the contention of the defendant McKee Glass Company throughout all the litigation has been and is to-day that the Owens patent relates to articles made of lead glass only; that the decrees entered at No. 3 of November term, 1906, and especially the decree against it at No. 1 of May term, 1908, were based upon the fact that the said patent related to articles made from lead glass only and not to articles made from lime glass, and the entire record at the number and term last mentioned was introduced by the defendant McKee Glass Company for the purpose of showing that fact. The court finds the fact to be otherwise. The patent and the proceedings aforesaid relate to the manufacture of glassware without reference to any particular kind. In the contempt proceedings instituted in 1913, the said McKee Glass Company filed an answer which was inconsistent with its present contention. The intent of a portion of its answer is that the parties to that original litigation, with a view to deceiving the public, consented to the entry of the decree adjudicating the patent as valid with respect to glassware generally, but that, as between themselves, it should have relation to lead glass blanks for cutting only. Even if the averment be true, the defendant ought not to be heard in support of it, because it was intended to be a fraud upon the public. But, apart from that, the court now finds the fact to be, as it has been found before in previous litigation in which the parties hereto were interested, that the processes of the Owens patent and the decrees relate to glass generally and not to any particular kind of glass.

Hitherto the interest of the plaintiff in the subject-matter of the litigation has appeared to rest wholly upon the license agreement between the H. C. Fry Glass Company and the McKee Glass Company and the provisions therein and the notice of the cancellation thereof. The agreement between the H. C. Fry Glass Company and the Libbey Glass Company, wherein the rights of the latter are clearly set forth, is dated the 19th of May, 1908. By that agreement the Libbey Glass Company acquired the right to make the apparatus and to use in its manufacture of glassware the methods and apparatus described and claimed in certain enumerated letters patent, including the said Owens patent, exclusive of all persons except the H. C. Fry Glass Company. By that agreement the H. C. Fry Glass Company covenanted and agreed to institute proper proceedings against infringers, to diligently prosecute the same, and to endeavor in all ways to maintain and preserve the exclusive rights secured by said letters patent, and the licensee covenanted and agreed to pay the licensor one-half of the expenses incurred by it from time to time in bringing and prosecuting all such suits. That agreement further provided that the licensee should be notified of the

institution of all such litigation and should have the right to be represented therein by counsel, but that all such litigation should be conducted and controlled by the licensor.

In addition to the foregoing it must be found that the plaintiff in this bill has a substantial pecuniary interest in the subject-matter thereof; that the defendant McKee Glass Company has been and is using the processes of the Owens patent in the manufacture of lime glass blanks and lime glassware; that in so doing the latter has exceeded the terms of the license agreement in prejudice of the rights of the plaintiff; that the defendant the McKee Glass Company is continuing to manufacture, since the date of the said notice of rescission, under no other permission or license than the agreement of June 9, 1910; and that it was still subject to the jurisdiction of this court in unfinished litigation at the time it filed the bill in the Beaver county court, and that the matters involved in the unfinished litigation in this court were matters involved in the litigation in Beaver county.

From the foregoing facts the following conclusions of law must naturally follow:

First. Because of the violation of the terms of the license agreement of June 9, 1910, the plaintiff had a right to join with the H. C. Fry Glass Company and the H. C. Fry Glass Company had a right to join with the plaintiff in rescinding the said license according to its terms.

[2] Second. Even if the Libbey Glass Company be only a licensee, having exclusive rights less than the entire grant of the patent, it is entitled to enjoin trespass upon those rights in this action in which the owner of the entire legal title is joined as a defendant.

Third. That, because it is necessary for the court to protect the equitable rights of the plaintiff, the latter may maintain this suit in its own name, making the owner of the legal title a party defendant, where the owner is unable to institute the action in its own name.

[3] Fourth. The real serious question in the case is whether or not this court has jurisdiction to restrain the plaintiff in the Beaver county suit. Under all the facts, this court has concluded that it has jurisdiction. Obviously the purpose of the Beaver county suit was to nullify the action of this court in enjoining the McKee Glass Company from using the Owens process on lime glass and to tie the hands of the H. C. Fry Glass Company so as to prevent it from instituting further contempt proceedings in case of the McKee Glass Company continuing the use of the processes on lime glass. The result would be that, if the plaintiff in that case were not restrained, the Libbey Glass Company might be deprived of its right under its contract with the H. C. Fry Glass Company to be protected against such proceedings. If the H. C. Fry Glass Company be enjoined in Beaver county from proceeding against the McKee Glass Company to have it adjudged in contempt for further violations of its license agreement, the Libbey Glass Company would be deprived of substantial rights, even though the Libbey Glass Company was not a party to that litigation. The construction of the license agreement, under which the McKee Glass Company claims to be operating, became necessarily incident to the decision of the proceedings instituted against it for contempt, and was therefore within the

jurisdiction of this court, and is still within it, because the contempt proceedings of 1913 are still pending. This is not a case where it is sought to have a court interfere with proceedings instituted for the first time in the state court, but a proceeding in support of the jurisdiction of this court, which first attached to and embraced the subject-matter of the proceedings subsequently instituted in the state court.

A review of the authorities supporting this contention would extend this opinion to unnecessary length. Reference may be made to Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629, where the principle is found. The bill in this case seems to be ancillary to the proceedings instituted originally at No. 1 of May term, 1908, for the benefit of that decree was obtained by the H. C. Fry Glass Company for the joint benefit of itself and the Libbey Glass Company.

The plaintiff is entitled to the relief prayed for, and a decree, in accordance with the prayers of the bill and this opinion, may be presented.