### McKEE GLASS CO. v. LIBBEY GLASS CO.

### LIBBEY GLASS CO. v. McKEE GLASS CO.

(Circuit Court of Appeals, Third Circuit. June 20, 1921.)

Nos. 2656, 2657.

Patents ⏀324(6)—Decree on accounting for infringement modified and affirmed.

    Final decree on accounting for infringement of patent for method of fire-polishing blanks for cut glassware modified and affirmed.

Appeal and Cross-Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Libbey Glass Company against the McKee Glass Company. Defendant appeals from the final decree, and complainant cross-appeals. Modified and affirmed.

See, also, 216 Fed. 172.

Joseph C. Fraley, of Philadelphia, Pa., and George R. Wallace and Robert D. Totten, both of Pittsburgh, Pa., for McKee Glass Co.

Otto Raymond Barnett, of Chicago, Ill., and Marshall A. Christy, of Pittsburgh, Pa., for Libbey Glass Co.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. These appeals are the latest phase of litigation on the Owens patent No. 628,027 for a method of fire-polishing blanks preliminary to their manufacture into cut glassware. This litigation dates back to 1906. Its history may be found in the following reports: Blair et al. v. Jeannette-McKee Glass Works (C. C.) 161 Fed. 355; Fry Glass Co. v. McKee Glass Co., 239 Pa. 34, 86 Atl. 644; Libbey Glass Co. v. McKee Glass Co. (D. C.) 216 Fed. 172; McKee Glass Co. v. Libbey Glass Co., 220 Fed. 672, 136 C. C. A. 314; McKee Glass Co. et al. v. H. C. Fry Glass Co., 248 Fed. 125, 160 C. C. A. 265.

The decree from which these appeals were taken was entered by the District Court on exceptions to a master's report covering the whole range of final accounting for the infringement found. These appeals, therefore, bring here the whole accounting, requiring a review of every

disputed item. To the subjects matter of this accounting we have given careful, and, indeed, very laborious consideration. As the result of our labor will be of interest to no one except the litigants, we shall tabulate our conclusions without writing what would necessarily be an opinion of great length. Taking the appeals first separately and then together, we direct that the court below reform its decree in harmony with the following figures: [Omitted from the report on request of the court.]

Items of interest, appearing in our illustrative table, are not to be computed to a new date and included in an aggregate amount newly calculated. It is intended that the reformed decree shall be for the several amounts, separately named in as many paragraphs as in the decree appealed from, each amount to carry its own interest from the date specified.

When thus modified in harmony with the figures in these tables we affirm the decree below with costs of the appeals to be borne by the appellants respectively.