GAMEWELL FIRE-ALARM TELEGRAPH CO. *v.* CITY OF BROOKLYN.*

(*Circuit Court, E. D. New York.* November 15, 1882.)

1. PATENT—LICENSE FOR PARTICULAR INVENTION.
   The holder of a right to make, use, and vend a patented invention "for the following purposes, and no others,—that is to say, for the purpose of constructing and operating telegraph wires and instruments within the corporate limits of any of the incorporated cities or villages, or other incorporated municipalities analogous to cities and villages, in any of the states and territories of the United States, when said telegraph lines and instruments are used solely by the municipal authorities for fire-alarms, or the transmission of police or other municipal intelligence,"—is merely a licensee for a particular employment of the invention.

2. SAME—DEMURRER WHERE LEGAL OWNER NOT MADE A PARTY.
   In an action by such licensee for infringement, a demurrer on the ground that the owner of the legal title to the patent has not been made a party is well taken.

*B. S. Clark,* for complainant.

*John A. Taylor,* corporation counsel, (with whom was *Geo. Gifford,*) for the city of Brooklyn.

WALLACE, C. J.   The complainant, by mesne transfers, is vested with the exclusive right to make, use, and vend the patented invention "for the following purposes and no others; that is to say, for the purpose of constructing and operating telegraph wires and instruments within the corporate limits of any of the incorporated cities or villages, or other incorporated municipalities analogous to cities and villages, in any of the states and territories of the United States, when said telegraph lines and instruments are used solely by the municipal authorities for fire-alarms or the transmission of police or other municipal intelligence."   It appears by the bill that the Western Union Telegraph Company is the owner of all the right and interest in the letters patent which did not pass to the complainant.

The bill is demurred to upon the ground that the Western Union Telegraph Company is not made a party to the suit.   The rule is unquestionably that where one person has the legal title to the patent, and another an equitable right therein, both must be made parties to the suit in an action in equity to restrain infringement.   The legal title to a patent is that, and only that, recognized by the laws of congress which make the monopoly property, and regulate the mode of its transfer.

*Reported by Robert D. & Wyllys Benedict.

The statutory power of assignment, as is said in *Littlefield* v. *Perry*, 21 Wall. 205, 219, "has been so construed by the courts as to confine it to the transfer of an entire patent, an undivided part thereof, or the entire interest of the patentee or an undivided part thereof throughout a certain specified portion of the United States." In that case there was in one instrument a conveyance of the entire patent, and there was also an instrument, executed concurrently, called a supplementary agreement, which contained a reservation of the right of the patentee to apply the invention himself to certain specified purposes. The two instruments were construed as a conveyance of the title to the patent, with a license back from the assignees to the patentee, and upon this construction the assignees were held as vested with the legal title. From the reasoning of the opinion it is evident, if there had never been a transfer of the patentee's right to the limited use of the invention, the interest transferred would not have been considered as vesting the statutory title in the assignees.

In the present case the transfer was only of a right to use and vend the invention for limited purposes in specified places; the right to use and vend it for general purposes remaining intact until it was conveyed to the Western Union Telegraph Company. The right transferred was not an undivided part of an entire patent, or an undivided part of the entire interest of the patentee in specified territory, but was a segregated right for a particular employment of the invention. The complainant was, therefore, merely a licensee, within the rule established in *Gayler* v. *Wilder*, 10 How. 477; the right transferred to him being less than that of the entire and unqualified monopoly.

The case of *Ingalls* v. *Tice*, 13 Reporter, 676, is directly in point. There the transfer to the complainant was of the sole and exclusive right to sell the patented article in certain specified territory, and as the right of the patentee to make and use the invention did not pass by the instrument, it was held that complainant did not acquire the legal estate, and, the patentee not having been made a party to the suit, a demurrer for that reason was sustained.

The demurrer is well taken, and judgment is ordered for defendant, unless complainant, within 30 days, amends his bill by bringing in the Western Union Telegraph Company as a party. The defendant is entitled to costs of the demurrer.