## WILSON *v.* CHICKERING and others.

(*Circuit Court, D. Massachusetts.* February 21, 1883.)

PATENTS FOR INVENTIONS—LICENSEE—WHEN CANNOT SUE IN HIS OWN NAME.
A mere license to make and use, without the right to grant to others to make and use the thing patented, though exclusive, will not authorize the licensee to bring suit in his own name for infringement, without joining the patentee. *Semble,* if the patentee refuses to join, a court of equity can give a remedy to the licensee.

In Equity.

*I. D. Van Duzee,* for complainant.

*Hutchins & Wheeler,* for defendants.

LOWELL, C. J. This is a suit for infringement of the patent, No. 169,931, granted to W. F. Ulman, for an improvement in piano-forte pedals. The defendants demur because the owner of the patent is not made a party. The sole plaintiff is Epaminondas Wilson, doing business as E. Wilson & Co., and he alleges an assignment to him by one Jacob Ulman, who was the owner of the whole patent, and whom, for convenience, I shall call the patentee, of the exclusive right to manufacture and sell the patented article in and throughout the United States for 10 years from June 1, 1877.

The defendants argue that the grant is not so exclusive that the plaintiff can maintain his suit alone. The sealed agreement, which is made part of the bill, is in substance as follows:

(1) Ulman licenses and empowers "the plaintiff to manufacture, for the term of 10 years, piano-forte pedal feet containing the said patented improvement, and to sell the same;" but in case of the plaintiff's bankruptcy the license shall end.

(2) The plaintiff agrees to use his best endeavors to introduce into use and sell such pedal feet.

(3, 4, and 5) The plaintiff is to make full quarterly returns of all his sales of said pedal feet, and to pay certain royalties.

(6) The plaintiff is to have the exclusive right to manufacture and sell the pedal feet.

(7) "It is agreed that neither of the parties to this agreement shall, in any event, be liable to bring an action or actions against any infringer or infringers upon said patent."

Counsel have prepared the case with diligence, and have cited many authorities. The statute of July 4, 1836, (5 St. 117,) which is the governing law, provides (section 11) that every patent shall be

assignable in law, either as to the whole interest or any undivided part thereof, by any instrument in writing; which assignment, and also every grant and conveyance of the exclusive right under any patent to make and use, and to grant to others to make and use, the thing patented, shall be recorded, etc. Section 14 provides that damages may be recovered in an action on the case, to be brought in the name of the person or persons interested, whether as patentees, assignees, or as grantees of the exclusive right within and throughout a specified part of the United States. Section 17 gives jurisdiction in equity as well as at law.

It has been uniformly held that the right of action, or suit at law or in equity, thus given by the statute refers back to section 11, and that those persons may bring actions or suits in their own names who are there mentioned, and, in general, that none others may do so. Therefore, a mere licensee cannot maintain an action at law, nor can he, generally speaking, sue in equity, without joining the patentee. *Gaylor* v. *Wilder*, 10 How. 477; *Blanchard* v. *Eldridge*, 1 Wall. Jr. 337; *Potter* v. *Holland*, 4 Blatchf. 206; *Sanford* v. *Messer*, 1 Holmes, 149.

The statute of 1870, which codified the patent laws, adopted a more condensed form of statement. In section 36 (16 St. 203) it says simply the patentee may grant *an exclusive right under his patent to the whole or any specified part of the United States,* instead of *the exclusive right to make and use, and to grant to others to make and use, the thing patented;* and the same language is found in Rev. St. § 4898. But the decisions, again, are uniform that this change of phraseology involves no change in the law. See *Paper Bag Cases,* 105 U. S. 766; *Nelson* v. *McMann,* 4 Ban. & A. 203.

The plaintiff is not the grantee of an "exclusive right" under these statutes, because he has no right to grant to others the right which he himself has to make the pedal feet. This is plain from the whole tenor of the contract. The word "assigns" is not used in it in connection with the plaintiff; if he becomes bankrupt, the license is at an end; he must render quarterly accounts. All these stipulations are inconsistent with such a grant as the statute refers to. He has not, then, a statutory right to proceed alone; and I consider that the general rules of equity pleading would make the patentee a proper party to the cause.

I do not, however, intend to be understood that the plaintiff will be without remedy if he cannot find the patentee, or if the latter is

hostile. The statute does not abridge the power of a court of equity to do justice to the parties before it, if others who cannot be found are not absolutely necessary parties, as in this case the patentee is not. At law, the plaintiff could use the name of the patentee in an action, and perhaps he may have that right in equity under some circumstances. The bill gives no explanation of his absence; but it was said in argument that he is both out of the jurisdiction and hostile. If so, no doubt there are methods known to a court of equity by which the suit may proceed for the benefit of the only person who is entitled to damages. The seventh stipulation, that neither of the parties shall be "liable" to bring an action, means, no doubt, that the plaintiff has no right to subject the patentee to costs, but it does not mean that, upon proper terms, the name of the patentee may not be used, if the law requires it. If it does mean that, it is repugnant and void.

Demurrer sustained; plaintiff has 30 days to amend.