AMBROSE M. HODGE, executor, *vs.* JOHN M. COLE.

Berkshire.   Sept. 8. — 14, 1885.   FIELD, C. ALLEN, & COLBURN, JJ.,
absent.

A. made a promissory note payable to the order of B., who, a short time before his death, gave the note to C., but by accident or mistake omitted to indorse it. A. was appointed administrator of B.'s estate. *Held,* that C. could maintain a bill in equity against A. to compel him to· indorse the note, and to pay the amount due thereon to C.

BILL IN EQUITY, originally brought by Mary E. Jenks, and prosecuted by the executor of her will, against the defendant as administrator of Sarah Jenks, and also in his personal capacity, to compel him to indorse a promissory note, and to pay the amount due thereon to the plaintiff.   Hearing before *Devens,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*A. Potter,* for the plaintiff.

*T. P. Pingree,* for the defendant.

BY THE COURT.   The only question presented to us is whether, upon the facts alleged and proved, the court has jurisdiction in equity.   The note in suit was made by the defendant, payable to the order of Sarah Jenks.   A short time before her death, Sarah Jenks gave the note to Mary E. Jenks, the original plaintiff in this suit, but for some reason omitted to indorse it. Ordinarily, Mary E. Jenks, being the owner of the note, would be entitled to enforce it against the maker by a suit at law in the name of Sarah Jenks, or her administrator or executor. But the defendant, who is the maker of the note, is also administrator of the estate of Sarah Jenks.   Mary E. Jenks could not bring a suit at law in her own name.   A suit in the name of the administrator of the estate of Sarah Jenks would involve the anomaly of being a suit at law in which the same person is both plaintiff and defendant.   Under such circumstances, a suit in equity is the proper remedy.   Sarah Jenks made an absolute transfer of the note to Mary E. Jenks; the only admissible inference from the facts is that she omitted to indorse it by accident or mistake.   As Mary E. had not an adequate remedy at law, this bill was properly brought.   1 Story Eq. Jur. § 99 *b.*                    *Decree for the plaintiff.*