INDEPENDENT WIRELESS TELEGRAPH COMPANY *v.* RADIO CORPORATION OF AMERICA.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 87. Argued October 23, 1925.—Decided January 11, 1926.

1. A suit by an exclusive licensee under a patent to protect his rights against infringement by a stranger, without joining the patent-owner as plaintiff, does not arise under the patent laws (Rev. Stats. § 4921) but is based merely on contract rights, and is not maintainable in the federal court in the absence of diversity of citizenship. P. 466.

2. An exclusive licensee may bring suit under Rev. Stats. § 4921 by joining the patent-owner as a co-plaintiff, when the latter is out of the jurisdiction and declines to join, and when such suit is

necessary to protect the rights of the licensee against an infringer, so that a failure of justice might result if such joinder were not allowed.  Pp. 467, 472.

3. This is analogous to the right of the licensee to bring an action on the case for damages in the patent owner's name, under Rev. Stats. § 4919, which is *in pari materia* with § 4921.  Pp. 464, 472.

4. A patent-owner is under an equitable obligation to allow the use of his name and title to protect lawful exclusive licensees against infringers.  P. 473.

5. A patent-owner can not thus be made a co-plaintiff in equity without having first been requested to become such voluntarily. P. 473.

6. When a patent-owner, though requested, declines to permit the use of his name in a proper case by an exclusive licensee in a suit against an infringer, but is nevertheless joined as co-plaintiff and duly notified of the suit, he will be bound by the decree.  P. 474.

297 Fed. 521, affirmed.

CERTIORARI to a decree of the Circuit Court of Appeals which reversed a decree of the District Court dismissing on motion the bill in a suit to enjoin infringement of a patent, and for an accounting of profits and for damages. See 297 Fed. 518.

*Mr. William H. Davis,* for petitioner.

*Mr. John W. Davis,* with whom *Mr. James J. Cosgrove* was on the brief, for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Radio Corporation, a corporation of Delaware, filed a bill in equity in the Southern District of New York, joining with itself the De Forest Radio Telephone & Telegraph Company, also of Delaware, as co-plaintiff, against the Independent Wireless Telegraph Company, of Delaware, and the American Telephone & Telegraph Company, of New York.  The case made in the bill was this:

Lee De Forest invented and received patents Nos. 841387 and 879532, dated in 1908 and 1909, for devices for amplifying feeble electric currents and certain new and useful improvements in space telegraphy. After giving limited licenses to the American Telephone & Telegraph Company, he assigned the patents to the De Forest Radio Telephone and Telegraph Company. On March 16, 1917, the De Forest Company, by writing duly recorded, gave an exclusive license to make, use and sell the devices for the life of the patents to the Western Electric Company, reserving to itself non-exclusive, non-transferable and personal rights to make, use and sell them for defined purposes. The Western Electric Company then assigned all that it thus received from the De Forest Company to the American Telephone and Telegraph Company. The American Telephone and Telegraph Company, on July 1, 1920, made a contract with the General Electric Company, by which they exchanged rights in various patents owned or controlled by each, including these rights in the De Forest patents. Some seven months prior, on November 20, 1919, the General Electric Company had granted to the Radio Corporation, the plaintiff, an exclusive license to use and sell for "radio purposes," i. e., "for transmission or reception of communication by what are known as electric magnetic waves except by wire," all inventions owned by the General Electric Company or thereafter acquired by it. The American Telephone and Telegraph Company subsequently confirmed in the Radio Corporation these after-acquired rights in the De Forest patents. Thus there came from the De Forest Company to the Radio Corporation, exclusive rights to use and sell in the United States, for radio purposes, apparatus for transmission of messages, and especially for use between ship and shore for pay.

The defendant, the Independent Wireless Company, has bought the same apparatus with the lawful right to use it in the amateur and experimental field only. The

apparatus thus bought bears a label with such a limitation on its use. The charge in the bill is that the Independent Company is using the apparatus, or the part of it called "radio tubes," in the commercial radio field between ship and shore for pay and thus is violating the Radio Corporation's rights in this field. An injunction is prayed and an accounting of profits and all damages to the plaintiffs and the American Telephone and Telegraph Company as their interests shall appear.

The twenty-fifth averment of the bill is that "the plaintiff, the De Forest Radio Telephone & Telegraph Company, as hereinbefore alleged, has certain rights in the patents in suit herein; that before filing this bill of complaint, said De Forest Radio Telephone & Telegraph Company, was requested to consent to join, as a co-plaintiff, herein, but declined; that said De Forest Radio Telephone & Telegraph Company is not within the jurisdiction of the Court and therefore can not be made a defendant herein; and that therefore to prevent a failure of justice, and to enable the plaintiff Radio Corporation of America to protect its exclusive rights under the patents in suit, said De Forest Radio Telephone & Telegraph Company, is made a plaintiff herein without its consent."

After securing an order for a bill of particulars, compliance with which disclosed the various agreements referred to in the bill and facts relevant thereto, the Independent Wireless Telegraph Company, defendant, moved that the court dismiss the bill of complaint, upon the following ground:

"That the De Forest Radio Telephone & Telegraph Company, the owner of the patent in suit, has not joined in this litigation as a party plaintiff by duly signing and verifying the bill of complaint herein, and the plaintiff Radio Corporation of America is not such a licensee under the patents as to permit it to sue alone in its own name, in the name of the owner of the patents in suit, or to

sue in the name of the owner of the patents joining itself as a licensee under the patents."

The District Court sustained the motion and dismissed the bill, in the view that it was bound by decisions of this Court to hold that the De Forest Company was the owner of the patent and an indispensable party and, being out of the jurisdiction, could not be made a party defendant by service or joined as a party plaintiff against its will. 297 Fed. 518. The Circuit Court of Appeals on appeal reversed the District Court, held that the De Forest Company was properly made co-plaintiff by the Radio Corporation, and remanded the case for further proceedings. 297 Fed. 521. We have brought the case here on certiorari. Section 240, Judicial Code.

The respondent in its argument to sustain the ruling of the Circuit Court of Appeals presses two points. The first is that by the contract between the De Forest Company and the Western Electric Company title to the patent was vested in the Western Electric Company and from it by assignment in the American Telephone & Telegraph Company; that the latter is a party defendant, having declined to be a plaintiff, and so satisfies the requirement of the presence in such a suit, as a party, of the owner of the patent. The difficulty the respondent meets in this suggestion is that its bill avers that what the American Telephone & Telegraph Company acquired from the De Forest Company was a license, so called in the contract creating it, and the making of the De Forest Company a party plaintiff to the bill was necessarily on the theory that it, and not the American Telephone and Telegraph Company, is the owner of the patent. The contracts between the corporations involved in the transfer of rights under the patent are long and complicated and in order to be fully understood require some knowledge of the new radio field. The Court is loath to depart, if it could, from the theory on which the bill was framed and both courts have acted, unless required to do so.

The question for our consideration then is, Can the
Radio Company make the De Forest Company a co-
plaintiff against its will under the circumstances of the
case?

Section 4919, R. S., is as follows:

" Damages for the infringement of any patent may
be recovered by action on the case, in the name of the
party interested, either as patentee, assignee, or grantee.
And whenever in any such action a verdict is rendered
for the plaintiff, the court may enter judgment thereon
for any sum above the amount found by the verdict as the
actual damages sustained, according to the circumstances
of the case, not exceeding three times the amount of such
verdict, together with the costs."

In *Goodyear* v. *Bishop,* 10 Fed. Cases, 642, Case No.
5558, a suit for damages for infringement had been
brought in the name of the patentee by a licensee under
the 14th section of the Patent Act of 1836, c. 357, 5 Stat.
357, which contained language similar to § 4919. The
defendant moved with the consent of the patentee to
discontinue the suit. It was contended that, as the
patentee had stipulated with the licensee to sue infrin-
gers, his remedy was on the covenant. Mr. Justice Nel-
son, at the Circuit denied the motion. He said that a
suit at law to protect the patent right was properly
brought in the name of the patentee, that the license
was sufficient to give the protection sought, and that
the covenant by the patentee did not take from the
licensee the remedy by use of the patentee's name to pro-
ceed directly against the wrongdoer. The same ruling
was made in *Goodyear* v. *McBurney,* 10 Fed. Case 699,
Case No. 5574.

These cases were decided in 1860 by a Justice of this
Court, and no case is cited to us questioning their author-
ity. Indeed the cases have been since referred to a num-
ber of times with approval by distinguished patent judges.

Mr. Justice Blatchford, while Circuit Judge, in *Nelson* v. *McMann,* 17 Fed. Cases, 1325, 1329, Case No. 10109; Mr. Justice Gray, while Chief Justice of the Supreme Judicial Court of Massachusetts, in *Jackson* v. *Allen,* 120 Mass. 64, 77; Judge Lowell in *Wilson* v. *Chickering,* 14 Fed. 917, 918; Judge Shipman in, *Brush Swan Company* v. *Thompson Company,* 48 Fed. 224, 226. The terms " action on the case " and the phrase " in the name of the party in interest, either as patentee, assignee or grantee " in § 4919 were evidently construed to constitute a remedy at law like the suit at common law on a chose in action in the name of the assignor in which the assignment gave the assignee the right as attorney of the assignor to use the latter's name. Lectures on Legal History, Ames, 213. See also *Eastman* v. *Wright,* 6 Pick. 312, 316; *Pickford* v. *Ewington,* 4 Dowling P. C. 458; *McKinney* v. *Alvis,* 14 Ill. 33.

But § 4919 applied by its terms only to actions on the case at law to which the licensee was not a necessary and hardly a proper party. This is a bill in equity. The remedy for violation of an exclusive licensee's interest in equity under the patent laws is found in § 4921, R. S., which is as follows:

" The several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and upon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same or cause the same to be assessed under its direction. And the court shall have the same power to increase such damages, in its discretion, as is given to increase the damages

found by verdicts in actions in the nature of actions of trespass upon the case." *

There is no express authority given to the licensee to use the name of the patent-owner in equity as we have seen that he can under § 4919 in suits at law. The presence of the patentee or his assignee in the equity suit however, it has been held, is just as essential to obtaining an injunction or an accounting of profits or damages under the patent laws as it is in an action on the case for damages at law. Indeed both the owner and the exclusive licensee are generally necessary parties in the action in equity. *Waterman* v. *Mackenzie*, 138 U. S. 252; *Littlefield* v. *Perry*, 21 Wall. 205, 223; *Paper Bag Cases*, 105 U. S. 766; *Birdsell* v. *Shaliol*, 112 U. S. 485, 486.

It is urged on behalf of the respondent that in equity the real party in interest, the exclusive licensee whose contract rights are being trespassed upon by the infringer, should be able without the presence of the owner of the patent to obtain an injunction and damages directly against the infringer. We recognize that there is a tendency in courts of equity to enjoin the violation of contract rights which are invaded by strangers in a direct action by the party injured, instead of compelling a roundabout resort to a remedy through the covenant, express or implied, of the other contracting party. But such a short cut, however desirable, is not possible in a case like this. A suit without the owner of the patent as a plaintiff if maintainable would not be a suit under § 4921 of the Revised Statutes but only an action in equity based on the contract rights of the licensee under the license and a

---

* Section 4921 was amended by Act of Mar. 3, 1897, 29 St. 694, c. 391, § 6, adding a six years' limitation on actions under it, and by Act of Feb. 18, 1922, 42 St. 392, c. 58, § 8, allowing expert evidence as to damages and requiring notice of litigation to Commissioner of Patents for record by endorsement on file wrapper of patents involved. The amendments do not affect the question here.

stranger's violation of them.   There would be no jurisdiction in courts of the United States to entertain it unless by reason of diverse citizenship of the parties, which does not exist in this case.   *Hill* v. *Whitcomb,* 12 Fed. Cases, 182, 185. Case No. 6502; *Wilson* v. *Sandford,* 10 How. 99, 101; *Albright* v. *Teas,* 106 U. S. 613, and cases cited.

What remedies then can equity afford in a case like this?   *Waterman* v. *Mackenzie,* 138 U. S. 252, involved the question whether a grant from the owner of the patent of the exclusive right to make and sell but not to use was an assignment under the statute entitling the grantee in his own name to sue an infringer in equity, and it was held that it was not.   Mr. Justice Gray, speaking for the Court, at page 255 said:

" In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself.   Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff.   Rev. Stat. § 4921.   *Littlefield* v. *Perry,* 21 Wall. 205, 223; *Paper Bag Cases,* 105 U. S. 766, 771; *Birdsell* v. *Shaliol,* 112 U. S. 485–487.   And see *Renard* v. *Levinstein,* 2 Hem. & Mil. 628."

*Littlefield* v. *Perry,* 21 Wallace 205, was a suit for infringement by one to whom was granted an exclusive right to make, use, and vend by the patent owner.   The Court held that it was an assignment under the statute, but further held that, even if it were only an exclusive license, the suit might be maintained under the patent laws, because the patentee who had been privy to the alleged

infringement had been made a party defendant with the infringer. This Court said at page 223:

" A mere licensee can not sue strangers who infringe. In such case redress is obtained through or in the name of the patentee or his assignee. Here, however, the patentee is the infringer, and as he can not sue himself, the licensee is powerless, so far as the courts of the United States are concerned, unless he can sue in his own name. A court of equity looks to substance rather than form. When it has jurisdiction of parties it grants the appropriate relief without regard to whether they come as plaintiff or defendant. In this case the person who should have protected the plaintiff against all infringements has become himself the infringer. He held the legal title to his patent in trust for his licensees. He has been faithless to his trust, and courts of equity are always open for the redress of such a wrong. This wrong is an infringement. Its redress involves a suit, therefore, arising under the patent laws, and of that suit the Circuit Court has jurisdiction."

The presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws but also, in most cases, to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions.

If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as co-plaintiff, the licensee may make him a party defendant by process and he will be lined up by the court in the party character which he should assume. This is the necessary effect of the decision in *Littlefield* v. *Perry, supra.* See also *Brammer* v. *Jones,* 4 Fed. Cases 11, Case No. 1806; *Gamewell Telegraph Company* v. *Brooklyn,* 14 Fed. 255; *Waterman* v. *Shipman,* 55 Fed. 982, 986; *Libbey Glass Company* v. *McKee Glass Company,* 216

Fed. 172; affirmed 220 Fed. 672; *Hurd* v. *Goold,* 203 Fed. 998. This would seem to be in accord with general equity practice. *Waldo* v. *Waldo,* 52 Mich. 91, 94. A *cestui que trust* may make an unwilling trustee a defendant in a suit to protect the subject of the trust. *Porter* v. *Sabin,* 149 U. S. 473, 478; *Brun* v. *Mann,* 151 Fed. 145, 153; *Monmouth Company* v. *Means,* 151 Fed. 159, 165. *Eastman* v. *Wright,* 6 Pick. 312, 316.

It seems clear then on principle and authority that the owner of a patent who grants to another the exclusive right to make, use or vend the invention, which does not constitute a statutory assignment, holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer or to enjoin infringement of it. Such exclusive licenses frequently contain express covenants by the patent-owner and licensor to sue infringers that expressly cast upon the former the affirmative duty of initiating and bearing the expense of the litigation. But without such express covenants, the implied obligation of the licensor to allow the use of his name is indispensable to the enjoyment by the licensee of the monopoly which by personal contract the licensor has given. Inconvenience and possibly embarrassing adjudication in respect of the validity of the licensor's patent rights, as the result of suits begun in aid of the licensee, are only the equitable and inevitable sequence of the licensor's contract, whether express or implied.

But suppose the patentee and licensor is hostile and is out of the jurisdiction where suit for infringement must be brought, what remedy is open to the exclusive licensee? The matter has been given attention by courts dealing with patent cases. In *Wilson* v. *Chickering, supra,* at p. 218, an exclusive licensee brought a bill in equity to

enjoin infringement without joining the owner of the patent. A demurrer was sustained with thirty days to amend. Judge Lowell, after saying that a mere licensee can. not generally sue in equity without joining the patentee, said:

"I do not, however, intend to be understood that plaintiff will be without remedy if he can not find the patentee, or if the latter is hostile. The statute does not abridge the power of a court of equity to do justice to the parties before it if others who can not be found are not absolutely necessary parties, as in this case the patentee is not. At law the plaintiff could use the name of a patentee in an action and perhaps he may have the right in equity under some circumstances. The bill gives no explanation of his absence; but it was said in argument that he is both out of the jurisdiction and hostile. If so, no doubt there are methods known to a court of equity by which the suit may proceed for the benefit of the only person who is entitled to damages."

In Renard v. Levinstein, 2 Hem. & Mil. 628, before Vice Chancellor Page Wood, afterwards Lord Hatherly, an exclusive licensee brought suit to enjoin infringement by a stranger and made the patentees who were a foreign firm co-plaintiffs. There was no objection to this action. No specific authority for this appeared, but it seems to have been implied from the relation of the exclusive licensee and the owner of the patent. It has some significance here in the fact that it was apparently referred to by Mr. Justice Gray, in Waterman v. Mackenzie, supra, as indicating what could be done in an English court of equity to enable the licensee to secure protection in the name of the owner of the patent.

In the case of Brush Swan Electric Company v. Thompson & Houston, 48 Fed. 224, the Brush Swan Company in Connecticut sued the Thompson-Houston Company in equity for infringing the former's rights as an exclusive

licensee for the sale of a device, made under a patent owned by the Brush Electric Company of Cleveland, Ohio.  The Brush-Swan Company made the Brush Electric Company a co-plaintiff.  The Cleveland company appeared for the purpose of asking that its name be stricken out as a party complainant, because the bill had been filed without its consent.  The motion to strike out the co-plaintiff's name was denied by Judge Shipman, on the ground that, as the patent-owner, being without the jurisdiction, could not be served with process, there would otherwise be absolute failure of justice.  The Judge said that *prima facie* there was an implied power in the exclusive licensee under such circumstances to make the patent-owner a party plaintiff.  The same conclusion was approved by the Ninth Circuit Court of Appeals in *Brush Electric Company* v. *California Electric Company,* 52 Fed. 945, before McKenna and Gilbert, Circuit Judges, and Knowles, the District Judge, affirming the same case in 49 Fed. Rep. 73, and by the same court in *Excelsior Company* v. *Allen,* 104 Fed. 553, and in *Excelsior Company* v. *The City of Seattle,* 117 Fed. 140, 143, 144.   In *Hurd* v. *Goold Co.,* 203 Fed. 998, before the Circuit Court of Appeals of the Second Circuit (Lacombe, Coxe and Noyes, Judges), Hurd, who was the exclusive licensee, joined with himself two corporations who held the legal title to the patent.  The corporations had been enjoined in the Sixth Circuit from maintaining suits for infringement.  The Second Circuit Court held that Hurd was entitled to present his licensors,—that is, the owners of the patent,—as co-plaintiffs, even against their will and in spite of their protests.  This doctrine was approved by the same court in *Radio Corporation* v. *Emerson,* 296 Fed. 51, 54.  See also *McKee Glass Co.* v. *Libbey Glass Co.,* 220 Fed. 672 (3rd C. C. A.), affirming same, 216 Fed. 172; *Chisholm* v. *Johnson,* 106 Fed. 191, 212; *Owatonna Mfg. Co.* v. *Fargo,* 94 Fed. 519, 520.

It is objected to the relevancy of these authorities that not one of them actually presents the case here. In all of them it is said the owner or patentee was within the jurisdiction of the court and could be served, or else had come into the jurisdiction voluntarily to move for leave to withdraw as a party. As the court had the owner before it, and the owner was in duty bound to become a party, the court could prevent the withdrawal. Here the owner is not in the jurisdiction and does not come in. It is the defendant, the alleged infringer, which objects to using the name of the owner as plaintiff without its consent.

We think the cases cited go beyond the defendant's interpretation of them and do hold that, if there is no other way of securing justice to the exclusive licensee, the latter may make the owner without the jurisdiction a co-plaintiff without his consent in the bill against the infringer. Equity will not suffer a wrong without a remedy. 1 Pomeroy's Equity Jurisprudence, 4th Ed., §§ 423, 424. While this maxim is of course not of universal application, it justifies the short step needed to hold that, in an equity suit under § 4921, where otherwise justice to the exclusive licensee would fail, he may make the owner of the patent a co-plaintiff in his bill under § 4921, in analogy to the remedy given him in an action on the case at law for damages under § 4919, for the two sections are plainly *in pari materia.*

In so doing, equity does no more than courts of law did,—at one period in their history, as we have seen, in implying in the assignee of a chose in action, a power of attorney to maintain an action in the name of the assignor in order to assure to the assignee the benefits of his assignment. Where the assignor attempted to interfere with the exercise of the power of attorney by collection of the assignee's claim, or where for any technical reason the remedy through the exercise of implied power of attorney

was unavailable, equity intervened to lend its aid to the assignee and secure a recovery for his benefit. See *Lenox v. Roberts,* 2 Wheat. 373; *Hammond* v. *Messenger,* 9 Sim. 327; *Roberts* v. *Lloyd,* 1 DeG. & J. 208; *Hodge* v. *Cole,* 140 Mass. 116; *Hughes* v. *Nelson,* 29 N. J. Eq. 547; *Hayes v. Hayes,* 45 N. J. Eq. 461.

The objection by the defendant that the name of the owner of the patent is used as a plaintiff in this suit without authority is met by the obligation the owner is under to allow the use of his name and title to protect all lawful exclusive licensees and sub-licensees against infringers, and by the application of the maxim that equity regards that as done which ought to be done. *Camp* v. *Boyd,* 229 U. S. 530, 559; *United States* v. *Colorado Anthracite Company,* 225 U. S. 219, 223; *Craig* v. *Leslie,* 3 Wheat. 563, 578. The court should on these grounds refuse to strike out the name of the owner as co-plaintiff put in the bill under proper averment by the exclusive licensee.

The owner beyond the reach of process may be made co-plaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. We think this result follows from the general principles of *res judicata.* In *American Bell Telephone Company* v. *National Telephone Company,* 27 Fed. 663, heard before Judges Pardee and Billings, the question was whether the National Telephone Company was bound by a decree in favor of the Bell Company for infringement against a Pittsburgh Company claiming under a license from the National Company. The National Company under a contract upon notice to defend its license took control of the case but, becoming dissatisfied with a preliminary ruling of the court, withdrew its counsel and evidence from the case. The National Company was held bound on the authority

of the case of *Robbins* v. *Chicago,* 4 Wall. 657. When Robbins was building a store in Chicago by an independent contractor, an area-way adjoining the street was left open. A passer-by fell in and was injured. He sued the city and recovered judgment for $15,000. Robbins had been previously warned by the city of the danger of the unprotected area and had notice of the accident and of the pendency of the suit but did not become a party. The city then sued Robbins and was given a judgment against him for the amount of the recovery against the city. This Court in sustaining the result held that parties bound by the judgment in such a case included all who were directly interested in the subject matter who had knowledge of the pendency of the suit and a right to take part therein, even if they refused or neglected to appear and avail themselves of this right. *Lovejoy* v. *Murray,* 3 Wall. 1, 19; *Plumb* v. *Goodnow,* 123 U. S. 560; *Robertson* v. *Hill,* 20 Fed. Cases, 944, Case No. 11925; *Miller* v. *Liggett,* 7 Fed. 91.

By a request to the patent-owner to join as co-plaintiff, by notice of the suit after refusal and the making of the owner a co-plaintiff, he is given a full opportunity by taking part in the cause to protect himself against any abuse of the use of his name as plaintiff, while on the other hand the defendant charged with infringement will secure a decree saving him from multiplicity of suits for infringement. Of course, a decree in such a case would constitute an estoppel of record against the patent-owner, if challenged, only after evidence of the exclusive license, the request to join as co-plaintiff and the notice of the suit.

There is nothing in the case of *Crown Company* v. *The Nye Tool Works,* 261 U. S. 24, which conflicts with this conclusion. That case was brought by the plaintiff, a licensee, to establish as a principle of patent practice that a transfer by an owner of a patent to another, conferring only the right to sue a third for past and future infringe-

ments of the patent, without the right to make, use and vend the patented article, was an assignment of the patent under § 4898 R. S. We declined so to hold. There was no offer to make the owner of the patent a party, nor were there any facts showing that the owner would not join as co-plaintiff or was not in the jurisdiction. The appellant stood solely upon his right to sue as an assignee of the patent and was defeated.

We hold that the De Forest Company was properly joined as a co-plaintiff by the Radio Corporation upon the 25th averment of the bill. This makes it unnecessary for us to consider the argument on behalf of the appellee that the American Telephone and Telegraph Company was the owner of the patent instead of the De Forest Company.

*Decree affirmed.*