**DIEBOLD, Inc. et al. v. RECORD FILES, Inc. et al.**

Civ. A. No. 27396.

United States District Court
N. D. Ohio, E. D.
May 8, 1951.

544

Clayton A. Quintrell, Cleveland, Ohio, Warren H. F. Schmieding, Columbus, Ohio, for plaintiff.

Richey & Watts, H. F. Schnedier, F. O. Richey, A. H. Edgerton, Cleveland, Ohio, Robert Critchfield, Critchfield, Critchfield & Critchfield, Wooster, Ohio, for defendant.

JONES, Chief Judge.

This is an action for alleged patent infringement and unfair competition. Plaintiff, Diebold, Incorporated, opposes the taking of the deposition of Walter F. Regenhardt, who is named involuntary plaintiff in the complaint, on the ground that (1) the place of taking, (2) the requirement for producing documents, and (3) the scope of the proposed examination, do not comply with the Federal Rules of Civil Procedure.

Plaintiff's motion to quash the taking of the deposition of Regenhardt pursuant to the notice of March 13, 1951, will be granted, without prejudice to defendant, Record Files, Inc.

Whatever might have been the position of Regenhardt prior to the commencement of the action, he was at that time unwilling to become a party, if the affidavits of counsel for the plaintiff are to be relied upon. It, therefore, became a "proper case" for the joinder of him as an "involuntary plaintiff" pursuant to Rule 19(a), Fed.Rules Civ.Proc. 28 U.S.C.A. Independent Wireless Co. v. Radio Corp., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. The fact that Regenhardt made representations to the tax authorities that he no longer had any proprietary rights in the patents in suit is important in this case, only to demonstrate that he was unwilling to become a party. Any implications of "unclean hands" arising from the fact that he may still retain proprietary rights in the patents cannot affect the position of plaintiff, Diebold, Incorporated, in this action.

Involuntary plaintiff Regenhardt's position has not changed. Unlike an ordinary party, he is not subject to the jurisdiction of the court and is beyond the reach of its process.

It appears to me that the consequences of the peculiar position of an involuntary plaintiff, being beyond the jurisdiction, are that the notice procedure under Rule 30 is insufficient and, the court having no power to order his presence, a subpoena is necessary under Rule 45(d).

Ordinary parties need not be subpoenaed when their deposition is sought because the court already has jurisdiction over them, and adequate sanctions are provided in Rule 37 in the event they fail to respond to notice. However, if the sanctions of Rule 37 were to be applied to this involuntary plaintiff, it would work injustice upon plaintiff, Diebold, Incorporated, and defeat its action.

■ Defendant, Record Files, Inc., may require the attendance of Regenhardt, as an individual, at an examination by a subpoena issued pursuant to Rule 45(d), the examination to be conducted at a place which meets the requirements of Rule 45(d). If defendant, Record Files, Inc., desires to examine defendant, The Steel Storage File Company, a corporation over which this court has jurisdiction, it may do so by following the notice precedure of Rule 30. and it may examine Regenhardt, as president of The Steel Storage File Company, concerning the affairs of that corporation. The examination of officials of a corporate party is ordinarily conducted at the corporation's principal place of business. See Moore's Federal Practice, 2nd Edition, Section 30.07.

■ Plaintiff's objections to the production of documents will be considered when, and if, defendant, Record Files, Inc., requires their production in connection with

its notice under Rule 30 or its subpoena under Rule 45. If defendant, Record Files, Inc., desires the production of any books or effects of defendant, the Steel Storage File Company, it must show good cause and secure an order of the court under Rule 34. See Moore's Federal Practice, 2nd Edition, Section 26.10 and the cases there cited.

Motion granted.