The SKOOKUM COMPANY, Inc., a corporation, S. Madill Ltd., a limited liability, Plaintiffs,

v.

SUTHERLIN MACHINE WORKS, INC., a corporation, Sutherlin Manufacturing Company, a corporation, Henry K. Halvorsen, Henry K. Halvorsen, Jr., and Ivena Halvorsen, Defendants.

Civ. No. 62-252.

United States District Court
D. Oregon.
March 29, 1963.

---

**20**

Joseph B Sparkman, James S. Leigh, Buckhorn, Blore, Klarquist & Sparkman, Portland, Or., for plaintiffs.

L. R. Geisler, Portland, Or., Seed & Barry, Seattle, Wash., for defendants.

EAST, District Judge.

It appears from the records and files herein that:

1) The plaintiff S. Madill, Ltd. is a limited liability company of the Province of British Columbia, Canada, and is the present owner of United States Letters Patent originally issued to the inventor Norman W. Madill (Norman) for a certain alleged invention in a mobile spar tree;

2) For the past two and one-half years Norman has been the titular president of Madill, Ltd., and beginning prior to the time the patent in suit issued to the commencement of this action, Norman has had no corporate responsibility and has not been consulted and has not entered into any corporate discussions of any kind and furthermore has not been kept informed of corporate affairs other than through an occasional financial statement sent to him by Madill, Ltd. During the past three and one-half years Norman has been traveling in Europe on business unconnected with Madill, Ltd. and was last heard from while in the Netherlands and has given no indication as to when he plans to return to this Continent;

3) The plaintiff Skookum Company is an Oregon corporation and the exclusive licensee of Madill, Ltd. to manufacture and sell the spar tree embodying the mentioned alleged invention;

4) The defendants are alleged infringers of the Letters Patent and now move the court for an order requiring the plaintiffs to produce Norman within the District of Oregon for discovery purpose deposition by the defendants, else suffer a dismissal of the complaint.

It further appears from the depositions on file that:

5) Norman will not voluntarily appear and that he has no interest in the matter other than being titular president of Madill, Ltd. and that if the plaintiffs can produce Norman within this District it will be had obviously at great expense;

6) Lack of good faith of plaintiffs is not at all at issue; in fact, Madill, Ltd. is not necessarily the real party in interest, and if Norman refuses to appear within this District, Skookum would thereby be wrongfully prejudiced by a dismissal of its complaint for reasons beyond its control. Independent Wireless v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. However, it goes without saying that should Norman appear within this District and become available as a witness for plaintiffs (the record discloses some fear on the part of the defendants that Norman will appear as a "surprise witness"), the plaintiffs will be bound to explain the apparent "hot and cold" treatment under threat of sanction for increasing costs and delay, if any, and first make Norman available to defendants for deposition purposes.

From a full reading of the affidavits and the deposition of Norman's brother, Charles Madill, the managing officer of Madill, I feel the information sought by defendants from Norman relates to matters known, if at all by him, in his capacity as inventor and not in his capacity as an officer of Madill, Ltd. and further that the defendants have fallen far short of making the type of showing for the reasonably necessary need of Norman's deposition to offset the inconvenience and financial hardship in compelling the plaintiffs, if indeed they can, to produce Norman within the District of Oregon.

I would close the door and deny the defendants' motion for an order requiring plaintiffs to produce Norman within this District for deposition purposes or suffer a dismissal of plaintiffs' complaint; however, I would leave the latch string out for a further showing under the teachings of Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514 (D. Conn.1961).

It is so ordered.