KLI, INC., Co-Plaintiff,

and

In Bae Yoon, M.D., Involuntary
Co-Plaintiff,

v.

RICHARD WOLF MEDICAL INSTRU-
MENTS CORP., Defendant.

No. 79–C–2150.

United States District Court,
N. D. Illinois, E. D.

Jan. 3, 1980.

Clyde F. Willian, Robert L. Hannon, William A. Webb, Hume, Clement, Brinks, Willian & Olds, Chicago, Ill., for plaintiff.

James B. Kinzer, Jr., Kinzer, Plyer, Dorn & McEachran, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff in this action alleges patent infringement of four patents, claiming that it is the owner of one of the patents and exclusive licensee of the others. The complaint names the licensor as an involuntary plaintiff. Defendant now moves to dismiss on the ground that the licensor of the three patents can license others and that, accordingly, the suit on those patents may be maintained only if the patent owner voluntarily joins as a plaintiff.

The license agreement became an exhibit during the pendency of the motion. That license, which covered all three patents, gave plaintiff "an exclusive worldwide license" and authorized the plaintiff to sue for infringement. The grant was, however, conditioned upon the right of the patent owner after January 1, 1978, to convert the exclusive license to a non-exclusive license upon ninety days written notice. In the event the license is converted by the patent owner, the royalty terms change and the patent owner becomes obligated to pay certain of the patent prosecution costs.

Although the license has not been converted, defendant claims that the patent owner's unilateral right to resume the authority to license others so taints the exclusivity of the license that the patent owner must voluntarily join as plaintiff before the action may be maintained. For the reasons stated hereafter, the court disagrees. The motion is denied.

The concepts of indispensable and proper parties in patent infringement actions appear to be an outgrowth of both federal jurisdictional and equitable considerations.

Comparing a patent assignment to a mortgage, the Court in *Waterman v. Mackenzie*, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891) required an assignee to be named as a party, while leaving open who else could or should be joined. And by "assignment", the Court made it clear that it meant a grant of exclusive rights, whether or not denominated as an assignment or as an exclusive license, whether or not the grant was limited to a specified geographic area or whether or not the grant was defeasible. In *Crown Die & Tool Company v. Nye Tool & Machine Works*, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516 (1923), the Court held that the granting of the right to sue, without more, was not such an assignment. Again, however, it indicated that joinder of the assignor might well have cured the defect in parties and noted that the injury inflicted by an act of infringement falls upon the owner of the monopoly at the time of infringement, not former or future owners.

Finally, in *Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), the Court addressed the question of how parties may be joined when they are unwilling to do so but their joinder is necessary. Plaintiff there had an exclusive license, but the exclusivity was limited to certain uses. The Court approved the joinder of the assignee-licensor as an involuntary plaintiff when the assignee licensor was not in the district and refused to come in voluntarily although requested to do so. Citing possible lack of subject matter jurisdiction in the absence of the licensor and the desirability of resolving all possible claims in one action, the Court held that the assignee-licensor was the trustee of title for the exclusive licensee and could be bound as a party by the results of the action if brought in involuntarily.

More recently, courts have been less concerned about subject matter jurisdiction and equitable analogies and more concerned about the effective vindication of rights. The later concepts of party joinder and alignment are, however, wholly consistent with those enunciated by the Supreme Court.

*Western Electric Co. v. Pacent Reproducer Corporation*, 42 F.2d 116 (2nd Cir. 1930), was another case in which the patent owner joined, there voluntarily, with licensees who had exclusive rights as to some uses. The court there noted that a license which granted no rights to exclude another was at most a privilege which protected the licensee against a claim of infringement. The owner could choose to sue or to tolerate an infringement, as he pleased; and the infringement might cause pecuniary loss, but not legal injury, to the non-exclusive licensee. The court went on to conclude that a licensee having rights to exclude, even though limited, was obviously prejudiced by the infringement of the limited monopoly rights his license secured. Accordingly, the licensees were proper parties to the action.

In this action the plaintiff has substantial exclusive rights. It has been and continues to be the real party in interest in the exploitation and protection of the patent monopoly. Any infringement of that statutory monopoly will prejudice it far more than the patent owner. Should plaintiff be disabled from bringing this action because the patent owner refuses to join voluntarily, the right it believed it obtained by the license may be largely illusory.

It may well be that the rights retained by the patent owner are so collateral that the suit may be maintained solely by plaintiff. See *Discovery Rights, Inc. v. Avon Products, Inc.*, 182 USPQ 396 (N.D.Ill.1974). However, in view of the possible reversion of rights to the patent owner, his interests are partially involved because the validity of the patent can be seriously affected by the litigation. Further, the participation of the patent owner permits all possible claims of infringement to be litigated. Since, in the license, the patent owner has not surrendered every indicia of ownership for the period of the patents, it is customary, possibly necessary, and certainly desirable that the patent owner be joined as an involuntary plaintiff. *Goldhaft v. Moorhouse*, 306 F.Supp. 533 (Minn.1969). Accordingly, the motion is denied.