**NUTRITION 21, a California Limited Partnership, Plaintiff,**

v.

**THORNE RESEARCH, INC., a Washington corporation, et al., Defendants.**

**No. C90–62D.**

United States District Court, W.D. Washington, at Seattle.

March 14, 1990.

Scott Aaron Johnson, M. Margaret McKeown, Perkins & Coie, Seattle, Wash., Don W. Martens, Lowell Anderson, William C. Rooklidge, Knobbe, Martens, Olson & Bear, Newport Beach, Cal., for plaintiff.

Paul T. Meiklejohn, Seed & Berry, Seattle, Wash., for defendants.

Susan L. Barnes, U.S. Attorney's Office, Seattle, Wash., for U.S.

## ORDER REALIGNING THE UNITED STATES AS INVOLUNTARY PLAINTIFF

DIMMICK, District Judge.

THIS MATTER is before the Court on a motion by defendant the United States of America for an order dismissing the United States as a party to this action and on plaintiff's motion to realign the United States as an involuntary plaintiff. After consideration of the briefs submitted by the parties and the arguments presented by counsel during the hearing on these motions on March 2, 1990, it is concluded for the reasons stated by the Court at the March 2, 1990 hearing and repeated here that the motion of the United States is denied and that the motion of plaintiff is granted.

The United States owns the patent in question here; the Department of Commerce licensed Nutrition 21 for the use of the patent. Correspondence beginning in August of 1989 indicates that notice was given by Nutrition 21 to the Department of Commerce regarding possible infringement and ongoing attempts to negotiate a settlement with defendant Thorne Research, Inc.

A letter from the Office of the General Counsel of the Department of Commerce recognizes the government's "responsibility to protect its patents" and encourages settlement. Nutrition 21 invited the government to join this suit December 21, 1989. The government has thus far declined.

■ The parties agree that the United States is immune to suit under the circumstances of this case. Thus the United States should be dismissed as a defendant. The remaining issue then is whether or not the United States can be joined as an unwilling plaintiff pursuant to Fed.R.Civ.P. 19(a) (indispensable party).

The owner of a patent is a necessary party to a suit by an exclusive licensee for patent infringement. *See Independent Wireless Telegraph Co. v. Radio Corporation of America,* 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). The *Independent Wireless* Court also recognized that the patent holder could be made an unwilling plaintiff.

> By a request to the patent owner to join as co-plaintiff, by notice of the suit after refusal and the making of the owner a co-plaintiff, he is given a full opportunity, by taking part in the cause, to protect himself against any abuse of the use of his name as plaintiff, while, on the other hand, the defendant, charged with infringement, will secure a decree saving him from multiplicity of suits for infringement. Of course, a decree in such a case would constitute an estoppel of record against the patent owner, if challenged, only after evidence of the exclusive license, the request to join as co-plaintiff, and the notice of the suit.

*Id.* at 474, 46 S.Ct. at 171.

The Ninth Circuit has more recently recognized the right of a party to force joinder of a necessary party. *Followay Productions, Inc. v. Maurer,* 603 F.2d 72 (9th Cir.1979). The *Followay* case was decided in a copyright context with the court observing that the same requirement applied to a copyright holder as a patent holder—that a case for infringement must be brought in his name, citing *Independent Wireless.* The court in *Followay* affirmed the district court's refusal to name the copyright owner as an indispensable party on grounds that Followay had not proved his protectable interest in the copyright. The government argues that under *Followay,* the license holder must have an exclusive license to move for joinder. There are multiple references to exclusive licensee in the *Followay* opinion and in *Independent Wireless,* but exclusivity was not an issue in either of these cases. It is therefore not clear that a licensee must have exclusive license rights in order to join an indispensable party.

The bigger hurdle to forcing joinder of the United States is the statutory provision that only the Attorney General may bring action in the name of the United States. 28 U.S.C. § 516. Resolution of that issue is dependent on an interpretation of 35 U.S.C. § 207(a)(2) which permits a federal agency as owner of a patent to grant an exclusive license in that patent.

Section 516 of 28 U.S.C. reads as follows:

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

Section 207(a)(2) of 35 U.S.C. reads as follows:

> Each Federal agency is authorized to—
>
> .     .     .     .     .
>
> (2) grant non-exclusive, exclusive, or partially exclusive licenses under federally owned patent applications, patents, or other forms of protection obtained, royalty-free or for royalties or other consideration, and on such terms and conditions, including the grant to the licensee of the right of enforcement pursuant to the provisions of chapter 29 of this title as determined appropriate in the public interest;

■ This Court concludes that section 207(a)(2) is an exception to section 516 which permits the Department of Com-

merce to delegate enforcement powers to a licensee; and that the agreement between the Department of Commerce and Nutrition 21 grants Nutrition 21 the right "to bring suit in its own name, at its own expense, and on its own behalf for infringement of presumably valid claims in a Licensed Patent." Paragraph 7.2 of License Agreement. Thus the United States has in effect consented to its necessary joinder in this action.

THEREFORE, the United States is realigned as an involuntary plaintiff in this action.

## CERTIFICATE FOR APPEAL

This Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of this litigation. This Court therefore certifies the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).