Paul BLUMBERG

v.

Daryl F. GATES, et al.

No. CV00–5607–GAF(AJWX).

United States District Court,
C.D. California.

Nov. 6, 2001.

Stephen Yagman, Kathryn S. Bloomfield, Marion R. Yagman, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiff.

Paul N. Paquette, Don W. Vincent, II, Wendy Shapero, Cecil W. Marr, Rockard J. Delgadillo, Los Angeles, CA, Steven D. Blades, Manning & Marder Kass, Ellrod, Ramirez LLP, Los Angeles, CA, Michael D. Allen, Franscell, Strickland, Roberts & Lawrence, Pasadena, CA, Ronald Dorfmann, Los Angeles, CA, Timothy Graves, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, CA, C. Douglas McFarland, Paula S. Teske Associates, Los Angeles, CA, Dave Clinton, Clinton & Clinton, Long Beach, CA, Girard Fisher, Michael Nebenzahl, Pollak, Vida & Fisher, Los Angeles, CA, Edwin Lewis, Altadena, CA, Muna Busailah, Michael P. Stone, P.C., Pasadena, CA, Michael H. Manning, Encino, CA, Irwin Evans, Trina Saunders, Atkins & Evans, Los Angeles, CA, Thomas J. Feeley, Pasadena, CA, for defendants.

FEESS, District Judge.

**PROCEEDINGS:** *FINAL RULING ON DEFENDANTS' RULE 19 JOINDER MOTIONS*

In *Ovando v. City of Los Angeles*, 92 F.Supp.2d 1011 (C.D.Cal.2000) this Court

held that plaintiff's minor daughter could state a substantive due process claim under 42 U.S.C. § 1983 ("section 1983") for the deprivation of her constitutional right to familial association based on her father's wrongful incarceration. In this motion, the City of Los Angeles claims that, as a result of *Ovando*, it now faces an unknown number of additional substantive due process suits with *Ovando*-type claims being filed by the family members of the plaintiff, each involving the same set of facts at issue in the underlying case. The number is unknown because the City has made no effort to determine whether any of the putative plaintiffs contemplate bringing a substantive due process claim. Nonetheless, the City moves under Rule 19, Federal Rules of Civil Procedure, to join each of these unknown individuals as "necessary parties" in approximately 80 pending "Rampart" cases. Having read and considered the papers, the authorities cited therein, and additional authorities not cited by the parties, the Court **DENIES** the motions.

## A. Standards for Evaluating Motions Under Rule 19

Rule 19 provides for the mandatory joinder of parties "needed for a just adjudication," commonly referred to as "necessary" parties. Joinder is required under three circumstances. First, an absent party must be joined when the court cannot accord "complete relief" to the existing parties without the absent party's participation. Fed. R.Civ.P. 19(a)(1). Second, joinder will be ordered when an absent party claims an interest in the subject of the existing litigation which may be prejudiced by the outcome of the case. Fed.R.Civ.P. 19(a)(2)(i). Finally, joinder is appropriate when an existing party will be subjected to a substantial risk of incurring multiple or inconsistent obligations if an absent part is not joined. Fed.R.Civ.P. 19(a)(2)(ii).

Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met. *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir.1996). The inquiry under Rule 19 is "a practical one and fact specific." *Washing-*

*ton v. Daley*, 173 F.3d 1158, 1165 (9th Cir. 1999). Thus, the question of whether to require the joinder of additional parties under Rule 19 must be made in light of the particular circumstances of each case. *Northern Alaska Environmental Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir.1986).

Here, there is no contention that complete relief cannot be afforded without joining additional parties. Therefore, the relevant inquiry is whether, in the absence of an order requiring joinder, (a) a defendant will run the risk of incurring inconsistent obligations or (b) an absent party will be prejudiced if the litigation proceeds without them.

### 1. The City Has Not Followed The Necessary Procedures

 Rule 19 states that if a party "should join as a plaintiff *but refuses to do so*, he may. be made a defendant, or, in a proper case, an involuntary plaintiff...." Fed. R.Civ.P. 19(a) (emphasis added). Under this rule, a defendant who wants to join an absent party as a plaintiff must first ask the absent party. *See Indep. Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 473, 46 S.Ct. 166, 70 L.Ed. 357 (1926) ("The owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily."); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 1606 (2d ed.2001). The City has made no effort to seek the voluntary joinder of the absent family members as plaintiffs. Indeed, it has not yet identified any specific individuals whom it believes should be joined. The City conceded as much at the hearing on the motion, but argued that the Court should fashion some sort of "one-action" rule, based on California survivorship law (even though none of these cases involves survivorship issues), so that the City could avoid the theoretical possibility of litigating suits, brought by persons who are now minors, decades hence.

Because the City has failed to follow the appropriate procedure under Rule 19, the motion could be dismissed on that ground alone. However, since the parties have spent considerable time and effort attempt-

ing to address the merits of the motion, the Court will likewise address them.

## 2. The City Is Not Subject to a Risk of inconsistent Obligations

■ Rule 19 makes the joinder of absent parties necessary if their absence will "leave any of the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations...." Fed. R.Civ.P. 19(a)(2)(ii). The City complains that because the underlying facts of this case, and any case brought by an absent family member, would be the same, it faces the potential for multiple and inconsistent judgments if it wins the first case and loses a later one. But multiple and inconsistent adjudications are not the same as inconsistent *obligations*. As explained by the Eleventh Circuit:

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

*Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998) (internal citations omitted).

Thus, the fact that the City might obtain different results in different cases does not establish a basis for Rule 19 joinder.

## 3. Potential Prejudice to the Absent Parties Does Not Require Joinder

■ Although joinder need not be ordered to protect the City's interests, the Court must consider whether absent family members should be joined to protect their potential interests in the pending litigation. Rule 19 requires joinder of absent parties who have a legally protected interest in the litigation and whose absence may "as a practical matter impair or impede" their ability to protect that interest. Fed.R.Civ.P. 19(a)(2)(i); *In re County of Orange*, 262 F.3d 1014, 1022 (9th Cir.2001). Though more complex and less free from doubt than the other grounds raised in this motion, the Court concludes that joinder should not be ordered on this ground.

Resolution of this issue turns on the possibility that, under principles of res judicata and collateral estoppel, the absent parties may be precluded from pursuing future claims against the City. Thus, for example, *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1091 (9th Cir.1985), tends to support the City's argument. However, later decisions have dulled *Aguilar's* sharp edge. *See, e.g., Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir.1999); *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153–54 (9th Cir.1998). Under those decisions, the Court must determine whether the interests of the absent parties will be adequately protected or represented by an existing party. Here the substantive due process claims of the absent family members derive from, and are dependent on, proof that the existing plaintiff suffered constitutional injury. Since the existing plaintiff must prove constitutional injury to prevail in the present suit, the interests of the parties are perfectly aligned. Moreover, because the parties allegedly share a familial relationship, the plaintiff has an additional incentive to protect the absent parties' interests. Thus, the plaintiff can properly be characterized as the virtual representative of the absent parties.

Finally, the Court believes that it should, consistent with Rule 19, respect the decision of the absent parties, who have never claimed an interest in the present litigation, to remain on the sidelines since doing so will not prejudice the City. Under both clauses of Rule 19(a)(2), joinder is not required unless an absent party "claims an interest relating to the subject of the action...." Fed. R.Civ.P. 19(a)(2). The Ninth Circuit has held that parties who are aware of an action and choose not to join in it, need not be considered necessary parties because they

have not *claimed* an interest in the litigation. *United States v. Bowen,* 172 F.3d 682, 689 (9th Cir.1999) (collecting Ninth Circuit cases). Here, the absent family members arguably have at least constructive knowledge of the existence of this action. *See Landreth v. United States,* 850 F.2d 532, 534 (9th Cir.1988) (a parent's knowledge of a child's injuries is properly imputed to the child in cases involving tort claims). Thus, joinder could be refused since none of them have chosen to join the litigation as plaintiffs, so long as no other rights or interests, protectable under Rule 19, are implicated.

For each of the foregoing reasons, the Court concludes that the City's motions should be **DENIED**.

**IT IS SO ORDERED.**