MOTO METER CO., Inc., et al. v. NATIONAL GAUGE & EQUIPMENT CO.

District Court, D. Delaware. March 30, 1929.

No. 699.

Thomas Ewing, of New York City, and Josiah Marvel, of Wilmington, Del., for plaintiffs.

Ward & Gray, of Wilmington, Del., and Border Bowman, of New York City, for defendant.

MORRIS, District Judge. In this suit in equity against National Gauge & Equipment Company, a Delaware corporation, instituted by Harrison H. Boyce and Leander Development Corporation to obtain injunctive and accounting relief, because of defendant's infringement of three patents, the Moto Meter Company, Inc., a New York corporation, the owner of the patents, and not subject to the process of this Court, was joined as a coplaintiff against its will after it had refused a request of Boyce and the Leander Corporation to unite voluntarily with them. The defendant now moves to dismiss the bill upon the grounds that the Moto Meter Company is not in law a party to the suit in that the rights of Boyce and the Leander Corporation are not of a character to enable them to make that company a coplaintiff against its will, that Boyce and the Leander Corporation cannot maintain this suit under the patent laws alone, and that, consequently, the bill is without equity. Boyce and the Leander Corporation make no contention that the Moto Meter Company is not an indispensable party to the cause. They place their opposition to the motion solely upon the ground that under the facts their joinder of the Moto Meter Company was both legal and proper.

The facts are few. For the purposes of this motion they are, of course, conceded. Boyce invented improvements in heat and water indicators for automobiles. Before applying for patents, he disclosed his inventions to George H. Townsend, 2d. They then entered into an agreement whereby Boyce undertook to make and prosecute applications for letters patent for his invention. By the same instrument, Boyce granted and sold to Townsend, for the life of the patents,

"the sole and exclusive right and license to make, use and sell, and to cause to be made, used and sold throughout the United States and its dependencies, and in all foreign countries, all heat and water indicators for automobiles and the like heretofore invented by Mr. Boyce. * * *" For the right and license granted, it was provided that Townsend should pay to Boyce "royalty at the rate of ten per cent. (10%) of the net selling price of said heat and water indicators sold by him or his agents, together with a payment of three hundred dollars ($300.00) upon the signing of this contract," and a minimum royalty of $50 a month. It was likewise stipulated that Townsend should have the right to assign the contract to a corporation to be organized by him, but that neither he nor the corporation so organized should assign the agreement or any right thereunder to any other corporation, association, firm, or individual without Boyce's written consent, and that the agreement might be terminated by Townsend on 90 days' written notice to Boyce. The contract contains no request for the patents to issue in the name of Townsend, and no requirement that Townsend or his assignee shall sue infringers. The patents in suit were subsequently obtained by Boyce. No further assignment was thereafter made by Boyce to Townsend.

Townsend assigned all his rights under the contract to the Moto Meter Company. Boyce transferred his to the Leander Corporation. It is virtually agreed that Boyce now possesses no rights under the contract and that the propriety of his joinder as a party plaintiff is at least doubtful; but as his presence as a party is of but little moment, and as no objection is now made thereto, it will not be passed upon.

In 1926, the Moto Meter Company acquired the capital stock of the defendant, which was then infringing the patents in suit. Thereafter the Moto Meter Company requested Boyce and the Leander Corporation to consent that the defendant be granted a license under the patents. They refused. The infringements continued. Boyce and the Leander Corporation then asked the Moto Meter Company to join them in this suit. It declined. The suit was then instituted and the Moto Meter Company notified.

That the legal title to the patents passed, by virtue of the agreement, from Boyce to Townsend and is now in Townsend's assignee, the Moto Meter Company, is asserted by the defendant, upon the authority of Waterman v. MacKenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923, D. M. Sechler Carriage Co.

v. Deere & Mansur Co., 113 F. 285 (C. C. A. 7), and Krentler-Arnold Hinge Last Co. v. Leman, 13 F.(2d) 796 (C. C. A. 1), is alleged in the bill of complaint, and is, consequently, assumed by the court. See Robinson on Patents, § 786; Curtis on Patents, § 212. That an exclusive licensee may make the patent owner, who, as here, is beyond the reach of process, a coplaintiff in an infringement suit, if he refuses the licensee's request to become such voluntarily, is now settled. Ind. Wireless Co. v. Radio Corp., 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357. But Boyce and the Leander Corporation are not licensees. They assert, however, that in principle and by analogy their right to join the patent owner, under the facts here pleaded, is equal to or greater than that of an exclusive licensee. This the defendant denies. The precise question thus arising is, apparently, res nova.

A licensee has no property in the patent. He possesses no interest in the franchise. His rights touch only the invention, and do not affect the monopoly of the patent, otherwise than by estopping the licensor from exercising its prohibitory powers in derogation of the privileges conferred by the license. Robinson on Patents, §§ 763, 806. They constitute but a mere exemption from suit for acts done within the scope of the license. Though his rights be exclusive, a licensee may not maintain a suit under the patent laws without making the patent owner a party thereto. Where the wrong is infringement, the licensee has, under some circumstances, even in the absence of an express covenant on the part of the licensor to sue infringers, been permitted to make the patent owner a coplaintiff against his will in a suit in equity to enjoin the infringement.

But even this privilege lacks express statutory authority. It has its roots in the broad, but not unlimited, purpose of equity to suffer no wrong to be without a remedy, and rests solely upon the analogy of R. S. § 4921 (35 USCA § 70), to R. S. § 4919 (35 USCA § 67), and upon the maxims and principles of equity. Ind. Wireless Co. v. Radio Corp., 269 U. S. 459, 466, 467, 472, 46 S. Ct. 166 (70 L. Ed. 357); Littlefield v. Perry, 21 Wall. 205, 223 (22 L. Ed. 577). The trust relations between the licensor and the licensee, upon which the licensee's right to make the owner of the patent a coplaintiff is immediately predicated (269 U. S. 469, 46 S. Ct. 166, 70 L. Ed. 357), arise, not out of terms of the license expressly so providing, but from its equitable implications.

The express rights of Boyce and the Leander Corporation under the agreement with Townsend are to receive the stipulated royalty of 10 per centum of the net selling price of the heat and water indicators sold by Townsend or his assignee, the Moto Meter Company, with a minimum royalty of $50 a month, and to prevent the granting to others, by the Moto Meter Company, of any rights whatsoever under the patents.

The Moto Meter Company has circuitously, but nevertheless in essence, violated the latter of these express rights of Boyce and the Leander Corporation, by acquiring the capital stock of the infringing defendant and by permitting it, for upwards of two years thereafter, to operate without interference under the patents. Thereby the Moto Meter Company has, at least presumptively, gained an advantage for itself and deprived Boyce and the Leander Corporation of benefits that would otherwise have been theirs. The extent to which this has been done is without bearing upon the present motion, for, unless the defendant may be enjoined, the Moto Meter Company may, at will, cease its operations under the patents, permit the defendant to absorb all its business in heat and water indicators for automobiles, and thereby reduce, with corresponding benefit to itself, the large royalties of Boyce and the Leander Corporation to the minimum of $50 a month.

A court of equity is not, I think, so limited in its powers as to be required to deny relief under such circumstances. Nor is it necessary, in affording relief, to depart from established principles. Implied trusts have been long raised by operation of law to carry out presumed intentions of the parties, to satisfy the demands of justice, or to protect against fraud. Transfers of property with limitations on the right to redispose of it have frequently been held to create a fiduciary relation with respect to it. International Pavement Co. v. Richardson (C. C.) 75 F. 590; Kitchen v. Bedford, 13 Wall. 413, 20 L. Ed. 637. In fact, so broad is the rule that "wherever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or the law, that he becomes interested for him, or interested with him in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated." Note by Judge Hare to 1 Lead. Cas. Eq. 62.

Indirectly, but in effect, the Moto Meter Company, having a community of interest with Boyce and the Leander Corporation, violated the spirit, if not the letter, of that pro-

· hibition by its acquisition of the capital stock of the infringing defendant. A violation of the prohibition gives rise to a right to relief under the doctrine of trusts. A constructive trust in property may be enforced by one prejudiced or deprived of a benefit by fraud or a breach of trust on the part of another, who occupies a fiduciary relation with respect to such property and thereby gains an advantage for himself. Columbus, etc., R. Co. v. Burke, 10 Ohio Dec. (Reprint) 136. I think that, under the facts pleaded, the status of Boyce and the Leander Corporation is equal, if not greatly superior, to that of an exclusive licensee under a patent, and that their joinder of the Moto Meter Company as a coplaintiff was well within their rights. 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357.

The motion to dismiss the bill of complaint must be denied.