**HOOKER CHEMICALS & PLASTICS CORP., Plaintiff,**

v.

**DIAMOND SHAMROCK CORPORATION, Defendant.**

**No. Civ–79–714.**

United States District Court, W. D. New York.

Aug. 18, 1981.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y. (Paul B. Zuydhoek, Buffalo, N. Y., of counsel), and Kenyon & Kenyon, New York City (Hugh A. Chapin, James H. Callahan, Paul Lempel, Alan T. Bowes, and Michael J. Rudick, New York City, of counsel), for plaintiff Hooker Chemicals.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (Victor T. Fuzak, Buffalo, N. Y., of counsel), and Fish & Neave, New York City (John O. Tramontine, New York City, of counsel), for plaintiff E. I. du Pont de Nemours and Co.

Christel, Bean & Linihan, Buffalo, N. Y. (Edwin T. Bean, Buffalo, N. Y., of counsel), and Morgan, Finnegan, Pine, Foley & Lee, New York City (John D. Foley, Thomas P. Dowling, William S. Feiler, Israel Blum, and Joseph A. Calvaruso, New York City, of counsel), for defendant Diamond Shamrock Corp.

CURTIN, Chief Judge.

The facts in this case were set out in detail in my decision of June 23, 1980, and familiarity with that decision will be assumed. *Hooker v. Diamond Shamrock*, 87 F.R.D. 398 (W.D.N.Y.1980).

The legal background, briefly, is as follows. Hooker sued Diamond Shamrock on six patents in this court. Subsequently, Diamond Shamrock was awarded the '725 patent. Hooker was given leave to add the '725 patent to this suit. Before Hooker was given leave, E. I. du Pont de Nemours and Company ["Du Pont"] commenced a declaratory judgment action against Diamond Shamrock concerning the '725 patent in Delaware. Diamond Shamrock now moves to join Du Pont in the instant action because Du Pont claims to hold a license under the Diamond Shamrock patent, consistent with a Membrane Development Agreement between the two companies entered into January 1, 1977, and in order to achieve comprehensive resolution of the pending issues in one court.

Defendant Diamond Shamrock's motion that Du Pont be joined is based on Du Pont's being an "involuntary plaintiff" pursuant to Federal Rules of Civil Procedure, Rule 19(a). Du Pont resists joinder on the ground that its presence in this lawsuit is not necessary to provide effective relief to those already parties. In addition, it argues that it cannot be compelled to be an "involuntary plaintiff" because it is within the court's jurisdiction and does not owe any duty to plaintiff to join in the action. There is no dispute that Du Pont does business within the Western District of New York.

In order to understand Du Pont's interest in the instant lawsuit, it is instructive to examine the pleadings in the Delaware legislation. Du Pont's Delaware lawsuit is a declaratory judgment action in which it seeks to have Diamond Shamrock's '725 patent declared invalid and not infringed upon. Diamond Shamrock has counterclaimed for infringement on Diamond Shamrock's Patent No. 3,793,163 ["'163 patent"]. Both patents are in suit in the instant action.

Du Pont pleaded as an affirmative defense that it has a license under Diamond Shamrock's '725 patent to grant nonexclusive sublicenses on a royalty-free basis to its customers, which includes Hooker, who purchase NAFION membranes from Du Pont. Du Pont, by the motion papers in this court, concedes, roughly, that it has no royalty-free license under the '163 patent or under the '405 patent but does not deny its Delaware pleadings that such an agreement exists under the '725 patent.

The relevant rule here is Rule 19(a) of the Federal Rules of Civil Procedure:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an inter-

est relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

▮ The doctrine of the involuntary plaintiff is normally employed by a present plaintiff who is a patent licensee against an absent licensor who is beyond the jurisdiction of the court. 3A *Moore's Federal Practice*, ¶ 19.06. In *Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), the absent licensor was beyond the jurisdiction of the court. The Court ruled that the patent-holder licensor was obligated to the plaintiff exclusive-licensee to defend the patent against infringement. Since the absent plaintiff was beyond service of process and could not be made a party defendant, after being requested to join the action by its licensee, the absent plaintiff would be bound by the decree which follows under the principles of *res judicata*. *See generally* Wright & Miller, *Federal Practice and Procedure* : Civil § 1606.

▮ It is clear that this is not "a proper case" for Du Pont to be made an involuntary plaintiff. Rule 19(a). All concede that Du Pont is within the jurisdiction of this court. Moreover, with respect to the '725 patent, Diamond Shamrock does not claim to be a sublicensee of Du Pont. Rather, Du Pont claims it has a license under Diamond Shamrock. It is true that Du Pont sells to Hooker and arguably may have some license relationships with Hooker. How-ever, Hooker has not sought to have Du Pont become an involuntary plaintiff. For all of these reasons, Du Pont cannot be made an involuntary plaintiff under the last sentence of Rule 19(a).

The more persuasive argument put to the court is that Du Pont is a necessary party in order to avoid Diamond Shamrock being subjected to the risk of inconsistent obligations. Rule 19(a)(2)(ii). The Rule must be read broadly in light of the strong public policy in favor of comprehensive disposition of the litigation. *See generally, Kerotest Mfg. Co. v. C–O–Two Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *H. K. Porter Co. v. The Gates Rubber Co.*, 177 U.S.P.Q. 302 (D.Col.1972). "The interests that are being furthered [by Rule 19(a)] are not only those of the parties, but also of the public in avoiding repeated lawsuits on the same essential subject matter." Advisory Committee Notes to Amended Rule 19(a).

In my judgment, if Du Pont is not joined as a party, there will likely be redundant litigation, potentially resulting in inconsistent decisions and possibly inconsistent obligations on Diamond Shamrock. In order to maximize judicial efficiency, Du Pont should be compelled to litigate its claims here. The matters are integrally related, the patents in suit are the same, and Du Pont is closely allied with its customer—and licensee—Hooker, as well as with Diamond Shamrock.

In short, Du Pont shall be joined as a party pursuant to Rule 19 and in discretion. Since it resisted joinder, it would normally be denominated as a defendant. However, it is clear that its interests are more closely identified with plaintiff Hooker, so it will be joined as a plaintiff. *H. K. Porter Co., Inc. v. Gates Rubber Co., supra.*

So ordered.