HOOKER CHEMICALS & PLASTICS
CORP., Plaintiff,

v.

DIAMOND SHAMROCK
CORPORATION,
Defendant.

E.I. DU PONT DE NEMOURS &
COMPANY, Plaintiff,

v.

DIAMOND SHAMROCK
CORPORATION,
Defendant.

Nos. Civ–79–714C, Civ–81–794C.

United States District Court,
W.D. New York.

Nov. 3, 1982.

Kenyon & Kenyon, New York City (Hugh A. Chapin, James H. Callahan, Paul Lempel, Alan T. Bowes, and Michael J. Rudick, New York City, of counsel), Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y. (Paul B. Zuydhoek, Buffalo, N.Y., of counsel), for plaintiff Hooker Chemicals & Plastics Corp.

Morris, Nichols, Arsht & Tunnell, Wilmington, Del. (Richard D. Allen, Wilmington, Del., of counsel), Fish & Neave, New York City (John O. Tramontine, and David J. Lee, New York City, of counsel), Hodgson, Russ, Andrews, Woods, & Goodyear, Buffalo, N.Y. (Victor T. Fuzak, Buffalo, N.Y., of counsel), for plaintiff E.I. Du Pont De Nemours & Co.

C. Waggaman Berl, Jr., Wilmington, Del., Morgan, Finnegan, Pine, Foley & Lee, New York City (John D. Foley, New York City, of counsel), and Christel, Bean & Linihan, Buffalo, N.Y. (Edwin T. Bean, Buffalo, N.Y., of counsel), for defendant Diamond Shamrock Corp.

CURTIN, Chief Judge.

Several motions are pending before the court for decision. The history and background of this case is discussed in prior decisions of this court, 87 F.R.D. 398 (W.D. N.Y.1980); 520 F.Supp. 204 (W.D.N.Y. 1981); and in the related decision transferring an additional portion of the case from the District of Delaware, *E.I. Du Pont de Nemours v. Diamond Shamrock Corp.*, 522 F.Supp. 588 (D.Del.1981).

In Civ. 79–714, E.I. du Pont de Nemours & Company [Du Pont] has moved for reconsideration of the court's order of August 18, 1981, and requests that the court vacate or modify this prior order. Defendant Diamond Shamrock Corporation [Diamond] has moved for leave to file an amended counterclaim in Civ. 79–714. In *E.I. du Pont de Nemours v. Diamond Shamrock Corp.*, Civ. 79–794, Diamond has moved to file an amended counterclaim and has requested that the court consolidate the two cases and that they be tried by a jury.

### I. *Du Pont's Motion to Vacate or Modify the Court's Order of August, 1981*

In August of 1981, the court ordered petitioner Du Pont joined as an involuntary plaintiff to oppose Diamond's counterclaim for the alleged infringement of two of its membrane cell technology patents pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See Hooker Chemicals v. Diamond Shamrock Corp.*, 520 F.Supp. 204 (W.D.N.Y.1981). Du Pont bases its motion for reconsideration of this order upon two grounds. First, Du Pont argues that the order has been rendered unnecessary because of the intervening order of Honorable Walter K. Stapleton, transferring the Delaware action to this court. *E.I. Du Pont de Nemours v. Diamond Shamrock Corp.*, 522 F.Supp. 588 (D.Del.1981). Du Pont's second argument is that its joinder was not proper under Rule 19(a) and should be vacated as a matter of law.

This second contention is predicated upon Du Pont's claim that it received inadequate notice of the attempt being made to secure its status as a party to the action and was not able to defend against this motion. Du Pont argues that the proper method which should have been followed by the defendant

in this case was for Diamond to file a complaint against Du Pont in this district for the alleged infringement of the 725 and the 163 Patents. Additionally, Du Pont claims that the court's decision was erroneous because there was no risk of inconsistent obligations being incurred by reason of two separate decisions from this court and the Delaware court.

In the alternative, should the court adhere to its earlier ruling compelling joinder, Du Pont argues that the court should order a separate trial of the three membrane cell technology patents, and further, that the court condition joinder upon Diamond's acquiescence to a bench trial, rather than trial before a jury.

▮ Upon consideration of the briefs and affidavits filed, the court finds that Du Pont's motion for reconsideration of my prior order should be denied. Notwithstanding Du Pont's contentions to the contrary, the record demonstrates that Du Pont had an adequate opportunity to respond and to be heard regarding the Rule 19 joinder motion. Du Pont fully briefed the motion by filing affidavits and memoranda of law, all of which were taken into consideration at the time of the decision. Also, Du Pont's argument regarding the lack of any serious risk of inconsistent obligations was presented to the court at the time the motion was argued. Du Pont has not supplied any new evidence or advanced another theory which would persuade the court to reconsider the order. Instead, the court is satisfied that the reasoning articulated in the order of August 18, 1981, is correct, and we shall adhere to that order.

As noted above, the case of *E.I. du Pont de Nemours & Company v. Diamond Shamrock Corporation* was transferred to this district by Judge Stapleton on September 16, 1981, 522 F.Supp. 588 (D.Del.1981). Diamond's motion to consolidate the Delaware action with Civ. 79–714 requires that this court evaluate all the separate claims presented and decide which of these claims or which actions can be consolidated for trial or for discovery purposes.

## II. *Diamond's Motion to amend its Answer and for Consolidation of the Two Actions*

Diamond seeks leave to amend Counts 5 and 6 of its original counterclaim in order to specify and segregate claims against Du Pont versus those against Hooker Chemicals & Plastics Corporation [Hooker]. In addition, Diamond seeks to add a claim charging infringement of another newly issued patent, Patent Registration No. 4,297,-194 (Dotson '194). Finally, Diamond alleges that Du Pont has intentionally interfered with Diamond's economic interests in the sale and licensing of membrane cell technology patents and seeks to add a cause of action based upon state law under the pendent jurisdiction doctrine.

Du Pont opposes the motion to amend. Du Pont contends that the amendments will spur needless litigation in that Du Pont will immediately move to contest venue regarding the Dotson '194 patent. As the patent was not issued until October 27, 1981, Du Pont will argue that no infringement is possible. With regard to Diamond's attempt to assert its state law business interference claims, Du Pont contends that Diamond should not be allowed to assert these claims as counterclaims in Civ. 79–714. Du Pont argues that the issue has already been raised and is before the court in Civ. 81–794, as Diamond raised the issue as a defense to the claimed infringement of the 725 patent. Since Diamond chose not to raise the same argument with respect to the 163 patent and because the claim should be categorized as a compulsory counterclaim to the complaint in Civ. 81–794, Du Pont argues that Diamond should not be allowed to circumvent the procedures of Rule 13 and raise the issue at this time.

Despite the lengthy arguments raised by the plaintiff in its papers, at the heart of Du Pont's objections and as the basis of its arguments against consolidation of the two cases is the issue of whether the cases should be tried, in whole or in part, to a jury or to the court. Hooker has not demanded a jury trial of any of its claims and thus has waived its rights to a jury trial,

Rule 38(b), Federal Rules of Civil Procedure. Jury demands have clearly been filed by Diamond with respect to some of its counterclaims, and though Du Pont opposes, Diamond argues that it has not waived its right to a jury trial as to the other claims.

Du Pont insists that Diamond claimed infringement of only two patents, the 725 and the 163 patents in the Delaware action. Diamond has waived its right to a jury trial on any membrane technology patent. Arguably, this would include the recently issued 194 patent if this court orders consolidation of the actions. Du Pont supports this argument with copies of pertinent sections of the proceedings before Judge Stapleton. *See* Civ. 81–794, Item 9, Appendix 11.

As an alternative to maintaining the cases as entirely separate causes of action, Du Pont proposes that the court order, at the most, limited consolidation. Du Pont postulates that any consolidation should be limited to the membrane cell technology patent controversy and should not involve Du Pont in extensive, time-consuming pretrial discovery procedures concerning the diaphragm cell technology patents. It is Du Pont's contention that trial of the membrane and the diaphragm patent claims would not involve the same witnesses and would require separate proof in all material respects. Du Pont concedes, however, that the patents share a common scientific background and further concedes that the same witnesses could be utilized by the parties to establish the basic electrolysis theories and to demonstrate the evolution of the technologies. The necessity for such a demonstration would exist regardless of whether some or all patent issues were tried to a jury or to the court.

█ In view of the fact that the same basic cell technology, the same parties, and the same alleged infringing actions are presented by both of the actions, the court shall order consolidation of the two pursuant to Rule 42 of the Federal Rules of Civil Procedure, in order to "avoid unnecessary cost or delay" and in the interest of judicial economy.

Separate questions remain regarding the issues of the extent of consolidation and the question of whether the consolidated action shall be tried to the court or to a jury. Du Pont's basic argument against consolidation of all of the issues of the action is its claim that it will be forced to bear the unnecessary expense of attending depositions and other pretrial discovery procedures relating to the diaphragm patent controversy and to attend the trial regarding the same issue. None of these matters is of interest to Du Pont.

In its brief in opposition to consolidation, Du Pont states that it has been or shall be forced to attend such depositions or other discovery procedures or "risk waiving its right and cross examination for testimony that may relate to the membrane patent controversy." *See* Du Pont's Memorandum in Opposition to Diamond's Motion for Consolidation at p. 14.

█ The court is not persuaded by Du Pont's claim of prejudice and unnecessary expense. If the diaphragm patent controversy is truly irrelevant to the issues of the validity and infringement of the membrane cell technology patent, Du Pont may simply elect not to attend the depositions of the inventors or other key personnel pertaining to the diaphragm patent. It is difficult to see how the issue of consolidation can have an effect upon Du Pont's decision to sit through these allegedly unimportant depositions. If there is a possibility that relevant material will be discussed during the depositions, Du Pont will doubtlessly attend the depositions in any event.

At this time, the court shall not order limited consolidation of the action. Instead, the action shall be consolidated in full, with leave given to Du Pont or to the co-plaintiff, Hooker, to move for severance after discovery has been completed.

█ As to the question of jury demand, examination of the transcripts of the proceedings before Judge Stapleton convince the court that Diamond has indeed made an effective waiver of its seventh amendment right to have the membrane cell technology

controversy tried before a jury. Diamond has conceded as much in its Memorandum in Support of its Motion to Consolidate at page 3. This does not require, however, that the controversies be separated at this time. It is entirely possible that in order to conduct as efficient and economical a trial as possible, some of the issues, including the background technology, may be presented to the court and to a jury simultaneously. At this stage of the proceedings, it is clear that it is not possible to determine how much of the proof will overlap, and it is equally impossible to ascertain the best method of presenting the evidence. Therefore, as stated above, the actions are hereby consolidated, with leave given to the parties to move for severance at a later date.

### III. *Diamond's Motion to File an Amended Counterclaim*

Diamond has moved for leave to file an amended and supplemental counterclaim. Diamond seeks to amend the currently existing Counts 5 and 6 of its counterclaim and to add two counts, Counts 7 and 8.

The proposed amendment to Counts 5 and 6 would delineate those of Diamond's claims regarding the 163 and 725 patents pertaining to Du Pont from those pertaining to Hooker. Hooker does not oppose this portion of the motion. Du Pont, however, has voiced opposition. Du Pont contends that the amendment is unnecessary, since Diamond's claims asserted against Du Pont already are before the court, having been asserted by Diamond as counterclaims in the transferred Delaware action, Civ. 81–794. Diamond has filed a jury demand with its proposed amended counterclaim, and Du Pont asserts that Diamond is using the amendment process as a vehicle to circumvent its waiver of a jury trial for these claims.

The court agrees with plaintiff Du Pont that the proposed amendments to Counts 5 and 6 of the counterclaim are unnecessary. Diamond's motion in this case is based primarily upon this court's decision of August 16, 1981, ordering Du Pont joined as an involuntary plaintiff. Had there been no further events occurring in this case since the time of that decision, Diamond's motion would be granted. Since the August 16, 1981, decision, however, the two decisions which were made by Judge Stapleton and this court indicate that a different result is in order. The first decision, of course, is the transfer order of Judge Stapleton, and the second is this court's order, above, regarding consolidation. In view of the previously stated decision regarding consolidation, all three issues are before the court in one action, and there is no need at this time to amend Counts 5 and 6 of Diamond's counterclaim.

By its proposed supplemental claim, Count 7 of its counterclaim, Diamond seeks to assert a claim of infringement or threatened infringement of Diamond's recently issued patent 4,297,194 (Dotson '194 Patent) against Hooker and a claim of inducement to infringement or threatened contributory infringement against Du Pont.

Again, Du Pont opposes the motion. Du Pont argues that venue is not proper and this court is not the proper forum to entertain this claim. Du Pont has stated its contention to contest venue in this forum, should the motion to file the counterclaim be granted.

The Dotson '194 Patent falls into the category of membrane cell technology patents. The patent issued as a divisional application of the application which resulted in the 405 and 725 patents. The claim for infringement of the Dotson '194 patent is clearly related to the multitude of issues and patents already before the court and should be made a part of the action. In the interest of judicial economy, therefore, the court shall grant Diamond's motion to add Count 7 as a counterclaim.

Since Du Pont's threatened objection to venue has not been properly raised, we express no opinion on the issue at this time. Du Pont is, of course, at liberty to file a motion to dismiss if it believes there are adequate grounds to support the motion.

Finally, Diamond seeks to add supplemental Count 8 to its counterclaim. This

counterclaim asserts a cause of action for unfair competition against plaintiff Du Pont, charging Du Pont with interference with Diamond's prospective economic advantage in violation of state and federal law. Diamond's claims are based upon certain representations allegedly made by both plaintiffs Du Pont and Hooker to prospective customers of Diamond. Diamond states that it manufactures and sells electrolytic cells and licenses the related patents and technology, including the membrane cell technology patent for the production of chlorine and caustic. In particular, Diamond sells the equipment for a perma-selective membrane cell, designated as DM–14 cell. The membrane cell technology patents which are the subject of the controversy are among the patents which can be licensed for use with the DM–14 cell equipment.

Hooker is a competitor of Diamond in the business of manufacturing and selling electrolytic cells and related technology for the production of chlorine and caustic. Hooker offered for sale or use a cell having a cation perma-selective membrane which is called the "MX-cell." Du Pont manufactures and sells a membrane under the designation Nafion, which is adapted for use in electrolytic cells for the production of chlorine and caustic. Diamond accuses Du Pont of supplying Nafion to Hooker for use in the MX-cell and of entering, with Hooker, into an agreement with a third party (the Fort Howard Paper Co. or Muskogee Industrial Trust) for the installation of a Hooker MX-cell at Fort Howard's plant.

The basis of this proposed supplemental counterclaim is Diamond's charge against Hooker and Du Pont that they have represented to potential and current customers and licensees of Diamond that use of Hooker's MX-cell in conjunction with Du Pont's Nafion membrane will allow the user to escape the obligation to pay royalties to the defendant under one or more of Diamond's membrane cell technology patents. These actions, Diamond claims, have deprived Diamond of the right to royalty income and have injured or impaired its business advantage in the membrane cell technology.

Du Pont opposes this supplemental counterclaim again on the ground that its assertion in this action is unnecessary and is prejudicial to plaintiff Du Pont. Du Pont contends that the counterclaim has already been asserted by Diamond in the action brought by Diamond in the Oklahoma District Court, which was stayed by order of this court. *Hooker Chemicals v. Diamond Shamrock Corp.,* 87 F.R.D. 398 (W.D.N.Y. 1980). Du Pont claims that Diamond is seeking to circumvent the earlier waiver of a jury trial in Oklahoma by asserting the identical claim as a counterclaim in this action and coupling it with a jury demand. Additionally, Du Pont opposes the supplemental counterclaim by asserting that the issue is already pending before the court in Civ. 81–794, in which Du Pont asserts that it was acting pursuant to a valid license under the 725 patent in the Delaware action. Du Pont insists that Diamond's business infringement claim should have been a compulsory counterclaim to Du Pont's complaint in Civ. 81–794. Such failure should then result in a waiver pursuant to Fed.R. Civ.P. 13(a). Finally, Du Pont contends that this court is without jurisdiction to entertain the proposed supplementary counterclaim for not only lack of diversity, but also because the claim for unfair competition is not integrally related to the claims asserted against Du Pont in Civ. 81–794.

The court finds that it has the requisite jurisdiction to entertain the proposed supplemental Count 8 of Diamond's counterclaim under the pendent jurisdiction doctrine. Having consolidated the two actions, Diamond's proposed Count 5, which asserts infringement of the 725 patent against Du Pont, is already before the court. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1965). Indeed, the proof which would be presented by Diamond in asserting this claim is strongly related to that necessary for proof of infringement of the membrane cell patent. In view of the pleadings presented in the transferred Delaware action, the court agrees with Du

Pont that this claim would be characterized as a compulsory counterclaim.

This does not mean, however, that Diamond has waived its right to assert this claim. Rule 13(a)(1) states that "the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action . . . ." As the complaint filed by Diamond in the Oklahoma action demonstrates, the claim for intentional interference with Diamond's business advantage was presented before the court in Oklahoma. Moreover, Diamond argues that it has not waived its right to a jury trial in the Oklahoma action. Finally, even if the related Oklahoma action were not pending, the liberal pleading doctrine of Rule 15 must be read in conjunction with Rule 13. Rule 13(f) states that:

> When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

In the instant case, it appears to the court that it would be wasteful indeed to omit this related action from the claims already pending before the court. Therefore, Diamond's motion to add supplemental Count 8 to its counterclaim is granted.

Again, at this stage of the suit, the exact procedures which will be followed during the trial are not certain. It may be that both the court and a jury will listen to the background data regarding the evolution of the patent technology, whereupon the trial shall be bifurcated, with the jury determining the issue of validity and infringement of the diaphragm membrane patents, and the court ascertaining the validity and infringement of the claims pertaining to the membrane cell technology.

Du Pont's fear is that the additional supplemental Count 8 may further complicate the trial, because Diamond now seeks to assert a claim for a jury trial on the issues raised in the supplemental count. A party's seventh amendment right to a jury trial is, of course, preserved under the Federal Rules of Civil Procedure. It is not, however, self-enforcing, and a jury trial must be requested by the parties desiring such a trial. Pursuant to Rule 38(b), a party may demand a jury trial

> by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

A counterclaim which required a reply from the opposing parties is, in general, a proper pleading and a demand for jury trial served not later than ten days after service of the reply is timely with regard to the issues raised by the counterclaim. *See* Wright and Miller, § 2320, Vol. 9. The right to a jury trial, however, is waived if not claimed by the party. Failure to make a timely demand, even though unintentional, will result in a waiver of a jury trial. While the court has the power under Rule 39(b) to order a jury trial for any or all issues, this right has been strictly construed by the United States Court of Appeals for the Second Circuit. *See Gallela v. Onassis,* 487 F.2d 986 (2d Cir.1973).

Certainly, the court's power under Rule 39(b) may not be exercised upon a showing of mere inadvertence or neglect. Once a party has waived its right to a jury trial, the court should strictly scrutinize any additional claims to ascertain whether they are truly additional claims or whether they are in fact merely reassertions of issues already pending in the lawsuit, in which case the party's right to demand a jury trial would not be revived by the additional pleadings. *Lanza v. Drexel & Co.,* 479 F.2d 1277 (2d Cir.1973) (*en banc*); *see Western Geophysical Co. of America v. Bolt Associates,* 440 F.2d 765 (2d Cir.1971); *Ward v. Brown,* 301 F.2d 445 (10th Cir.1962).

After examinations of the allegations of supplemental Count 8, it appears to the court that this claim in fact raises new triable issues of fact, allowing Diamond to assert its right to a jury trial on these new issues alone. While the court agrees with Du Pont that this development will complicate the trial to some degree, the court may

not deprive Diamond of its constitutional right to a jury trial on these new issues.

Again, the court is not deciding at this time exactly how the trial will be conducted and how the jury and non-jury issues shall be presented and ultimately decided. As discovery develops and resolution of these problems becomes more clear, the court will be in a better position to make rulings. In the meantime, discovery shall proceed.

In summary, this court denied Du Pont's motion to vacate or to modify the order of August, 1981. Further, Diamond's motion to amend its answer is granted, and the motion to consolidate is granted, with leave to the parties to later move for severance. Finally, Diamond's motion to file an amended counterclaim is granted in part and denied in part. Diamond will be allowed to add Counts 7 and 8 but not Counts 5 and 6.

So ordered.